■ Sheryl Menkes, Appellant, v Beth Abraham Health Services, Respondent, et al., Defendants. [990 NYS2d 414]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered January 8, 2013, which granted defendants' motion to quash a subpoena ad testificum served on a nonparty witness, unanimously reversed, on the facts, without costs, and the motion denied. Appeal from order, same court and Justice, entered June 26, 2013, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to renew, unanimously dismissed, without costs, as academic.

In May 2012, plaintiff served a nonparty subpoena on Cecilia Zuckerman, the former chief operating officer of defendant Beth

Abraham Health Services (BAHS), who had not been employed by BAHS since 1999. In support of their motion to quash, defendants submitted Zuckerman's affidavit in which she averred that she was not properly served with the subpoena and that she did not treat any patients at BAHS and had no recollection of plaintiff's decedent or of BAHS's rules, policies, and procedures during the relevant period in the late 1990s.

In opposition to the motion, plaintiff did not submit evidence that the process server was denied entry into Zuckerman's building before leaving the subpoena with her doorman, as is required to show proper leave and mail service under CPLR 308 (2) (*see Soils Eng'g Servs. v Donald*, 258 AD2d 425 [1st Dept 1999]). Plaintiff, however, now asks this Court to take judicial notice of the process server's affidavit of service, "which is contained within the court file of the Supreme Court, Bronx County, as subpoenaed and transferred to this Court in connection with the appeal." Plaintiff argues that the affidavit establishes that leave and mail service was proper because the process server left the subpoena with Zuckerman's doorman only after he was denied entry into her building. Importantly, it is uncontested that the subpoena was then mailed to Zuckerman at her home address and was received by her. Therefore, the Court will reach the merits of the motion to quash.

Defendants' contention that the deposition would be a futile exercise in light of the passage of time and the witness's sworn denial of any relevant knowledge, is not sufficient to establish "that the discovery sought is 'utterly irrelevant' to the action or that the 'futility of the process to uncover anything legitimate is inevitable or obvious' " (*Matter of Kapon v Koch*, 23 NY3d 32, 34 [2014]). Therefore, the deposition of nonparty Zuckerman should go forward. Concur—Friedman, J.P., Sweeny, Andrias, Saxe and Kapnick, JJ.