■ HUDSON CITY SAVINGS BANK, Appellant, v 59 SANDS POINT, LLC, et al., Respondents, et al., Defendants. [57 NYS3d 398]——

In an action to foreclose a mortgage, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Adams, J.), dated September 29, 2014, which, in effect, granted the motion of the defendants 59 Sands Point, LLC, and Eve Strausman Winston to quash subpoenas duces tecum served upon nonparties and for a protective order against further discovery from those nonparties, (2) as limited by its brief, from so much of an order of the same court dated October 29, 2014, as, in effect, granted the motion of the defendants 59 Sands Point, LLC, and Eve Strausman Winston to quash subpoenas duces tecum and ad testificandum served upon nonparties and for a protective order against further discovery from those nonparties, (3) from so much of an order of the same court dated February 20, 2015, as denied its motion, inter alia, to sanction the defendants 59 Sands Point, LLC, and Eve Strausman Winston for failure to comply with certain discovery demands, and (4) from a second order of the same court dated February 20, 2015,

which granted the defendant Ronald Frankel's motion pursuant to CPLR 3103 (a) for a protective order vacating the plaintiff's interrogatories and demands with respect to certain documents.

Ordered that the order dated October 29, 2014, and the first order dated February 20, 2015, are affirmed insofar as appealed from; and it is further,

Ordered that the order dated September 29, 2014, and the second order dated February 20, 2015, are affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants 59 Sands Point, LLC, and Eve Strausman Winston, and the defendant Ronald Frankel, appearing separately and filing separate briefs.

These appeals arise from the conduct of discovery in an action in which the plaintiff seeks to foreclose a mortgage secured by real property owned by the defendant 59 Sands Point, LLC, and its sole member, the defendant Eve Strausman Winston (hereinafter together the Strausman defendants). It is undisputed that due to a recording error, the plaintiff's mortgage was indexed against the incorrect property. It is also undisputed that before the subject recording error could be detected and resolved, the defendant Ronald Frankel recorded two mortgages against the property (hereinafter the Frankel mortgages). The plaintiff alleges that Frankel's mortgages are invalid due to fraud in their execution, and thus without priority. Accordingly, it served subponeas and discovery demands upon the Strausman defendants and various nonparties seeking disclosure of information with regard to those issues.

In orders dated September 29, 2014, and October 29, 2014, respectively, the Supreme Court, in effect, granted the Strausman defendants' motions to quash certain nonparty subpoenas. In two orders dated February 20, 2015, the court, inter alia, denied the plaintiff's motion pursuant to CPLR 3126 to impose sanctions against the Strausman defendants, and granted Frankel's motion pursuant to CPLR 3103 (a) for a protective order. The plaintiff appeals from these four orders.

Pursuant to CPLR 3101 (a) (4), a party may obtain discovery from a nonparty of "matter material and necessary in the prosecution or defense of an action" in possession of the nonparty, as long as the nonparty is apprised of the "circumstances or reasons such disclosure is sought or required" (CPLR 3101 [a] [4]). A party or nonparty moving to quash a subpoena has the initial burden of establishing either that the requested disclosure "is utterly irrelevant to the action or that the futility

of the process to uncover anything legitimate is inevitable or obvious" (*Matter of Kapon v Koch*, 23 NY3d 32, 34 [2014] [internal quotation marks omitted]; *see Anheuser-Busch, Inc. v Abrams*, 71 NY2d 327, 331-332 [1988]; *Ferolito v Arizona Beverages USA, LLC*, 119 AD3d 642, 643 [2014]). "Should the [movant] meet this burden, the subpoenaing party must then establish that the discovery sought is material and necessary to the prosecution or defense of [the] action" (*Matter of Kapon v Koch*, 23 NY3d at 34 [internal quotation marks omitted]; *see Bianchi v Galster Mgt. Corp.*, 131 AD3d 558, 559 [2015]; *Ferolito v Arizona Beverages USA, LLC*, 119 AD3d at 643). Here, the Strausman defendants met their initial burden in support of their motion to quash the subpoenas, and in opposition, the plaintiff failed to establish that the requested disclosure was material and necessary to its prosecution of this action (*see Matter of Kapon v Koch*, 23 NY3d at 34, 38).

Accordingly, the Supreme Court providently exercised its discretion in granting the Strausman defendants' motions to quash the subject nonparty subpoenas. Moreover, in view of the foregoing, the court properly denied the plaintiff's motion pursuant to CPLR 3126 to impose sanctions against the Strausman defendants for failure to comply with said discovery demands.

Additionally, under the circumstances, the Supreme Court providently exercised its discretion in granting Frankel's motion pursuant to CPLR 3103 (a) for a protective order.

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit. Rivera, J.P., Roman, Duffy and Brathwaite Nelson, JJ., concur.