Wells Fargo Bank, N.A. v Confino (2019 NY Slip Op 06114)





Wells Fargo Bank, N.A. v Confino


2019 NY Slip Op 06114


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-02843
 (Index No. 7963/16)

[*1]Wells Fargo Bank, N.A., plaintiff, 
v
Adam Confino, et al., defendants, Samuel Raphael Frankel, et al., appellants; Robert I. Satran, nonparty-respondent.


Solomon & Siris, P.C., Garden City, NY (Bill Tsevis of counsel), for appellants.
Miller Law Offices, PLLC, Lawrence, NY (Jeffrey H. Miller and Scott J. Farrell of counsel) for nonparty-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Samuel Raphael Frankel and Adina P. Frankel appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 14, 2017. The order denied the motion of those defendants to hold nonparty Robert I. Satran in civil contempt for failure to comply with a subpoena duces tecum and ad testificandum, and granted the cross motion of nonparty Robert I. Satran to quash that subpoena.
ORDERED that the order is reversed, on the law, with costs, the motion of the defendants Raphael Frankel and Adina P. Frankel to hold nonparty Robert I. Satran in civil contempt for failure to comply with a subpoena duces tecum and ad testificandum is granted, the cross motion of nonparty Robert I. Satran to quash that subpoena is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.
In January 2004, the defendants Adam Confino and Victoria Kerzhner, also known as Victoria Confino (hereinafter together the Confinos), executed a note which was secured by a mortgage on certain real property located in North Woodmere (hereinafter the property). In December 2008, the Confinos executed a second note secured by a mortgage on the property, as well as a consolidation, extension, and modification agreement which consolidated the two mortgages into a "single lien" in the sum of $417,000. In December 2010, the Confinos sold the property to nonparties Michael Tortora and Jessica Tortora (hereinafter together the Tortoras), and in February 2015, the Tortoras sold the property to the defendants Samuel Raphael Frankel and Adina P. Frankel (hereinafter together the Frankels). In 2016, the plaintiff commenced this action to foreclose the consolidated mortgage.
In January 2017, the Frankels served a subpoena duces tecum and ad testificandum upon nonparty Robert I. Satran, the attorney who represented the Confinos when they sold the property to the Tortoras. Thereafter, the Frankels moved to hold Satran in civil contempt for failing to comply with the subpoena, and Satran cross-moved to quash the subpoena. In an order entered August 14, 2017, the Supreme Court denied the Frankels' motion to hold Satran in contempt and granted Satran's cross motion to quash the subpoena. The Frankels appeal.
The Supreme Court should have denied Satran's cross motion to quash the subpoena. "A party or nonparty moving to quash a subpoena has the initial burden of establishing either that the requested disclosure is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious'" (Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d 611, 612-613, quoting Matter of Kapon v Koch, 23 NY3d 32, 34 [internal quotation marks omitted]). " Should the [movant] meet this burden, the subpoenaing party must then establish that the discovery sought is material and necessary to the prosecution or defense of [the] action'" (Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d at 613, quoting Matter of Kapon v Koch, 23 NY3d at 34 [internal quotation marks omitted]).
Here, Satran failed to meet his initial burden of demonstrating either that the requested disclosure was "utterly irrelevant" to the action or that the "futility of the process to uncover anything legitimate is inevitable or obvious" (Matter of Kapon v Koch, 23 NY3d at 34 [internal quotation marks omitted]; see Ferolito v Arizona Beverages USA, LLC, 119 AD3d 642, 643). The record reveals that Satran represented the Confinos when they sold the property to the Tortoras, and in conjunction with the sale, he sent a document to a title abstract company indicating that the first mortgage had been satisfied. Insofar as the Frankels asserted affirmative defenses and cross claims pertaining to the alleged satisfaction of the mortgage "in whole or in part," it cannot be said that the requested deposition of Satran was "utterly irrelevant" (Matter of Kapon v Koch, 23 NY3d at 34 [internal quotation marks omitted]). Further, Satran's denial of any relevant knowledge and that he was in possession of any relevant documents was not sufficient to establish that the "futility of the process to uncover anything legitimate is inevitable or obvious" (id. [internal quotation marks omitted]; see Menkes v Beth Abraham Health Servs., 120 AD3d 408). Satran also failed to demonstrate that the subpoena, insofar as it sought his testimony, should be quashed on the basis of the attorney-client privilege. Such privilege could be invoked only when Satran appears for the deposition and is asked questions that seek privileged information (see Matter of Empire Wine & Spirits LLC v Colon, 145 AD3d 1157, 1158; Ocean-Clear, Inc. v Continental Cas. Co., 94 AD2d 717, 718-719).
Additionally, the Supreme Court should have granted the Frankels' motion to hold Satran in civil contempt for failure to comply with the subpoena by failing to appear for a deposition. "To prevail on a motion to hold another in civil contempt, the moving party must prove by clear and convincing evidence (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct'" (Matter of Fruchthandler v Fruchthandler, 161 AD3d 1151, 1153, quoting El-Dehdan v El-Dehdan, 114 AD3d 4, 16 [internal quotation marks omitted], affd 26 NY3d 19). " To satisfy the prejudice element, it is sufficient to allege and prove that the contemnor's actions were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party'" (Matter of Fruchthandler v Fruchthandler, 161 AD3d at 1153, quoting Astrada v Archer, 71 AD3d 803, 806-807).
Here, it was undisputed that Satran failed to comply with the subpoena by failing to appear for a deposition and that he had knowledge of the terms of the subpoena. Moreover, the Frankels demonstrated that Satran's conduct prejudiced their right under CPLR 3101(a)(4) to obtain all information relevant and necessary to their defense of the present action and their cross claims against the Confinos (see Barkan v Barkan, 271 AD2d 466; Kaywood v Cigpak, Inc., 258 AD2d 623; Yeshiva Tifferes Torah v Kesher Intl. Trading Corp., 246 AD2d 538).
Satran's remaining contention is without merit.
Accordingly, the Frankels' contempt motion should have been granted, and we remit the matter to the Supreme Court, Nassau County, to impose an appropriate sanction on Satran and to direct him to appear for a deposition on a date certain.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court