Islip Theaters, LLC v Landmark Plaza Props. Corp. (2020 NY Slip Op 03003)





Islip Theaters, LLC v Landmark Plaza Props. Corp.


2020 NY Slip Op 03003


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-12397
 (Index No. 606246/17)

[*1]Islip Theaters, LLC, respondent,
v
Landmark Plaza Properties Corp., appellant.


Glenn T. Nugent, P.C., Amityville, NY, for appellant.
William R. Garbarino, Sayville, NY (Donald R. Hamill of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the defendant appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated September 20, 2017. The order granted the plaintiff's motion to quash a subpoena duces tecum and ad testificandum served upon a nonparty, and for a protective order against further discovery from that nonparty, and denied the defendant's application for the court to recuse itself.
ORDERED that the appeal from so much of the order as denied the defendant's application for the court to recuse itself is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]; Faello v Faello, 45 AD3d 728), and we decline to grant leave to appeal (see Cascardo v Stacchini, 100 AD3d 675, 677); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The underlying facts of this case are set forth in our decision and order on a related appeal from an order dated June 20, 2017 (see Islip Theaters, LLC v Landmark Plaza Props. Corp., ___ AD3d ___ [Appellate Division Docket No. 2017-06595; decided herewith]).
In the order dated June 20, 2017, the Supreme Court, inter alia, granted that branch of the plaintiff's motion in a related consolidated action which was to hold the defendant (hereinafter the landlord) in civil contempt for failure to comply with the terms of a so-ordered stipulation of settlement dated November 2, 2016. The stipulation of settlement resolved the landlord's claim that the plaintiff had violated the lease by failing to keep the roof in good repair. Among other things, the stipulation of settlement required the landlord to release certain escrowed funds upon its receipt of specified documents related to the plaintiff's installation of a new roof on the premises, including a certification by H2M Architects and Engineers (hereinafter H2M). The court determined that the plaintiff had met its obligations in the stipulation of settlement and held the landlord in contempt for its refusal to release the escrowed funds, a determination upheld by this Court on the related appeal (see Islip Theaters, LLC v Landmark Plaza Properties Corp., ___ AD3d ___ [Appellate Division Docket No. 2017-06595; decided herewith]). The Supreme Court also granted certain relief sought [*2]in this subsequent action commenced by the plaintiff with regard to notices of default and cure issued by the landlord.
In August 2017, the landlord served a subpoena duces tecum and ad testificandum on William H. Rockensees of H2M, seeking testimony and documents regarding H2M's supervision of the installation of the new roof. The plaintiff moved pursuant to CPLR 3103(a) for a protective order and pursuant to CPLR 2304 to quash the subpoena. In an order dated September 20, 2017, the Supreme Court granted the plaintiff's motion. The landlord appeals.
Pursuant to CPLR 3101(a)(4), a party may obtain discovery from a nonparty of "matter material and necessary in the prosecution or defense of an action" in possession of the nonparty, as long as the nonparty is apprised of the reasons such disclosure is sought. "A party or nonparty moving to quash a subpoena has the initial burden of establishing either that the requested disclosure is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious'" (Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d 611, 612-613, quoting Matter of Kapon v Koch, 23 NY3d 32, 34 [internal quotation marks omitted]; see Anheuser-Busch, Inc. v Abrams, 71 NY2d 327, 331-332). "Should the [movant] meet this burden, the subpoenaing party must then establish that the discovery sought is material and necessary to the prosecution or defense of [the] action" (Matter of Kapon v Koch, 23 NY3d at 34 [internal quotation marks omitted]).
Here, the plaintiff met its initial burden of establishing that evidence regarding H2M's supervision of the installation of a new roof pursuant to the stipulation of settlement was utterly irrelevant to the remaining issues in this action and, in opposition, the landlord failed to establish that the requested disclosure was material and necessary to its defense of the action (see Matter of Kapon v Koch, 23 NY3d at 34; Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d at 613). Contrary to the landlord's contention, an in camera review of the requested documents was not necessary in order to conclude that the documents were utterly irrelevant to the remaining issues (cf. Spectrum Sys. Intl. Corp. v Chemical Bank, 157 AD2d 444, 447, mod. on other grounds 78 NY2d 371). To the extent that the landlord contends that the determination to quash the subpoena should be reversed on the grounds of judicial bias, the record is devoid of support for the landlord's contention (see Matter of Bowe v Bowe, 124 AD3d 645, 646). Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for a protective order and to quash the subpoena duces tecum and ad testificandum served on William H. Rockensees of H2M.
The landlord's remaining contention is without merit.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court