Elavon, Inc. v Meyer (2022 NY Slip Op 01992)





Elavon, Inc. v Meyer


2022 NY Slip Op 01992


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
WILLIAM G. FORD, JJ.


2019-06388
 (Index No. 505247/15)

[*1]Elavon, Inc., appellant, 
v
Eleazer Meyer, et al., defendants, Miriam Meyer, nonparty-respondent.


The Ginzburg Law Firm, P.C., Fresh Meadows, NY (Daniel Ginzburg of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated April 3, 2019. The order granted the motion of nonparty Miriam Meyer to quash a subpoena duces tecum served upon nonparty Verizon Communications, Inc., and for a protective order.
ORDERED that the order is affirmed, without costs or disbursements.
Following the commencement of this action, inter alia, to recover on a promissory note against the defendants, Eleazer Meyer and Hamokom Hanochon Corp., the plaintiff was awarded a money judgment against those defendants, jointly and severally, in the principal sum of $242,229.84. In an apparent attempt to enforce the money judgment, the plaintiff served a subpoena duces tecum upon nonparty Verizon Communications, Inc. (hereinafter Verizon), demanding the customer name on file for a certain telephone number and all records of payment information in its possession for the customer associated with that telephone number. Verizon then informed the customer associated with the subject telephone number, nonparty Miriam Meyer, the wife of Eleazer Meyer, of the subpoena. Miriam Meyer moved to quash the subpoena served upon Verizon and for a protective order. The plaintiff opposed the motion. By order dated April 3, 2019, the Supreme Court granted the motion. The plaintiff appeals. We affirm.
CPLR 5223 compels disclosure of "all matter relevant to the satisfaction of the judgment." "A judgment creditor is entitled to discovery from either the judgment debtor or a third party in order 'to determine whether the judgment debtor[ ] concealed any assets or transferred any assets so as to defraud the judgment creditor or improperly prevented the collection of the underlying judgment'" (Lisogor v Nature's Delight, Inc., 189 AD3d 1386, 1388, quoting Young v Torelli, 135 AD2d 813, 815; see Technology Multi Sources, S.A. v Stack Global Holdings, Inc., 44 AD3d 931, 932).
"Pursuant to CPLR 3101(a)(4), a party may obtain discovery from a nonparty of 'matter material and necessary in the prosecution or defense of an action' in possession of the nonparty, as long as the nonparty is apprised of the reasons such disclosure is sought" (Islip Theaters, LLC v Landmark Plaza Props. Corp., 183 AD3d 875, 876, quoting CPLR 3101[a]). "A party or nonparty moving to quash a subpoena has the initial burden of establishing either that the requested disclosure 'is utterly irrelevant to the action or that the futility of the process to uncover [*2]anything legitimate is inevitable or obvious'" (Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d 611, 612-613, quoting Matter of Kapon v Koch, 23 NY3d 32, 34; see Islip Theaters, LLC v Landmark Plaza Props. Corp., 183 AD3d at 876). "Should the [movant] meet this burden, the subpoenaing party must then establish that the discovery sought is 'material and necessary' to the prosecution or defense of [the] action" (Matter of Kapon v Koch, 23 NY3d at 34).
Here, Miriam Meyers met her initial burden of establishing that the disclosure requested by the plaintiff from Verizon was utterly irrelevant to the remaining issues in this action. In opposition, the plaintiff failed to establish that the requested disclosure was material and necessary to its efforts to enforce the money judgment against the defendants (see Islip Theaters, LLC v Landmark Plaza Props. Corp., 183 AD3d at 876-877; Riverside Capital Advisors, Inc. v First Secured Capital Corp., 28 AD3d 457, 459-460). Further, the subpoena failed to apprise Verizon of "the reasons such disclosure [was] sought" (Islip Theaters, LLC v Landmark Plaza Props. Corp., 183 AD3d at 876).
Accordingly, the Supreme Court providently exercised its discretion in granting Miriam Meyer's motion to quash the subpoena duces tecum served on Verizon by the plaintiff and for a protective order.
BRATHWAITE NELSON, J.P., IANNACCI, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court