U.S. Bank Trust, N.A. v Carter (2022 NY Slip Op 02304)

U.S. Bank Trust, N.A. v Carter

2022 NY Slip Op 02304

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2019-03020
 (Index No. 58033/13)

[*1]U.S. Bank Trust, N.A., plaintiff-respondent,
v
Brian Carter, etc., appellant, et al., defendants; David A. Gallo, et al., nonparty-respondents.

The Law Office of Marcia E. Kusnetz, P.C., Rye Brook, NY, for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for plaintiff-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Brian Carter appeals from an order of the Supreme Court, Westchester County (Kathie E. Davidson, J.), dated March 8, 2019. The order, insofar as appealed from, granted the plaintiff's motion pursuant to CPLR 3103 for a protective order striking the discovery demands of the defendant Brian Carter, denied that branch of that defendant's motion which was pursuant to CPLR 3124 to compel nonparties David A. Gallo and Rosemary A. Klie to comply with a subpoena duces tecum and subpoena ad testificandum, denied that defendant's cross motion, inter alia, pursuant to CPLR 3124 to compel the plaintiff to comply with his discovery demands, and granted those branches of the cross motion of nonparties David A. Gallo and Rosemary A. Klie which were pursuant to CPLR 2304 and 3101 to quash the subpoena duces tecum and subpoena ad testificandum.
ORDERED that the order is affirmed insofar as appealed from, with costs to the plaintiff.
In 2013, the plaintiff commenced this action against, among others, the defendant Brian Carter (hereinafter the defendant) to foreclose a mortgage executed by the defendant on certain real property in New Rochelle. In September 2016, the defendant and his then counsel, Cabanillas & Associates, P.C. (hereinafter Cabanillas), executed a document whereby they agreed to substitute the defendant pro se in place of Cabanillas. In July 2018, the defendant retained the Law Office of Marcia E. Kusnetz, P.C. (hereinafter Kusnetz), to represent him in this action. On November 28, 2018, Kusnetz filed a notice of appearance.
In November 2018, Kusnetz, on behalf of the defendant, served combined discovery demands on the plaintiff, and a subpoena duces tecum and subpoena ad testificandum on nonparties David A. Gallo and Rosemary A. Klie (hereinafter together the nonparties), the plaintiff's prior counsel. In December 2018, prior to the court-ordered deadline for responding to the defendant's discovery demands, the plaintiff moved pursuant to CPLR 3103(a) for a protective order striking the defendant's discovery demands as palpably improper. In February 2019, the defendant cross-moved, inter alia, pursuant to CPLR 3124 to compel the plaintiff to comply with his discovery demands. The defendant also separately moved, among other things, pursuant to CPLR 3124 to compel [*2]compliance with the subpoenas duces tecum and subpoena ad testificandum served on the nonparties. The nonparties cross-moved, among other things, pursuant to CPLR 2304 and 3101 to quash the subpoenas.
In an order dated March 8, 2019, the Supreme Court, inter alia, granted the plaintiff's motion and that branch of the nonparties' cross motion which was to quash the subpoenas, and denied the defendant's motion and cross motion. The court determined, among other things, that the defendant's discovery demands were "procedurally defective" under CPLR 321 and, in any event, that the defendant's discovery demands were improper "on the merits." The defendant appeals.
CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." "However, '[a] party is not entitled to unlimited, uncontrolled, unfettered disclosure'" (Lombardi v Lombardi, 190 AD3d 964, 966, quoting Geffner v Mercy Med. Ctr., 83 AD3d 998, 998). "Pursuant to CPLR 3103(a), the Supreme Court may issue a protective order striking a notice for discovery and inspection that is palpably improper" (Lombardi v Lombardi, 190 AD3d at 966). "Discovery demands are palpably improper where they seek irrelevant information, are overbroad and burdensome, or fail to specify with reasonable particularity many of the documents requested" (Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d 757, 758). "The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed" (Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799 [internal quotation marks omitted]; see Slapo v Winthrop Univ. Hosp., 186 AD3d 1281, 1283).
Here, even assuming, without deciding, that the defendant's discovery demands were not "procedurally defective," the Supreme Court providently exercised its discretion in granting the plaintiff's motion for a protective order striking the defendant's discovery demands and in denying that branch of the defendant's cross motion which was to compel the plaintiff to respond to those demands. Contrary to the defendant's contention, the plaintiff's failure to object to the defendant's discovery demands within the time period set forth in CPLR 3122(a)(1) does not foreclose review of the plaintiff's challenge to those demands on the ground that they were palpably improper (see Olmann v Willoughby Rehabilitation & Health Care Ctr., LLC, 186 AD3d 837, 840; Kiernan v Booth Mem. Med. Ctr., 175 AD3d 1396, 1397-1398; Zambelis v Nicholas, 92 AD2d 936, 936-937). Further, many of the requests made in the defendant's combined discovery demands were palpably improper, since they sought irrelevant information, or were overbroad and burdensome (see Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d at 758). Under these circumstances, "the appropriate remedy is to vacate the entire demand rather than to prune it" (Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d at 799; see Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d at 758; Stepping Stones Assoc., L.P. v Scialdone, 148 AD3d 855, 855-856). Thus, the court providently exercised its discretion in determining that the discovery demands should be stricken in their entirety.
Pursuant to CPLR 3101(a)(4), a party may obtain discovery from a nonparty of "matter material and necessary in the prosecution or defense of an action" in possession of a nonparty, providing the nonparty is apprised of the "circumstances or reasons such disclosure is sought or required." "A party or nonparty moving to quash a subpoena has the initial burden of establishing either that the requested disclosure is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious" (Wells Fargo Bank, N.A. v Confino, 175 AD3d 533, 534-535 [internal quotation marks omitted]; see CPLR 2304; Matter of Kapon v Koch, 23 NY3d 32, 34; Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d 611, 612-613). "Should the [movant] meet this burden, the subpoenaing party must then establish that the discovery sought is material and necessary to the prosecution or defense of [the] action" (Wells Fargo Bank, N.A. v Confino, 175 AD3d at 535 [internal quotation marks omitted]; see Matter of Kapon v Koch, 23 NY3d at 34; Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d at 613).
Contrary to the defendant's contention, the nonparties met their initial burden of establishing that the requested disclosure was utterly irrelevant and, in opposition, the defendant [*3]failed to establish that the requested disclosure was material and necessary to his defense of the action (see Islip Theaters, LLC v Landmark Plaza Props. Corp., 183 AD3d 875, 876; Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d at 613). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to compel the nonparties to comply with the subpoenas and in granting those branches of the nonparties' cross motion which were to quash the subpoenas.
The defendant's remaining contentions are without merit.
BARROS, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court