UKI Freedom LLC v Organization for the Defense of Four Freedoms for Ukraine, Inc. (2024 NY Slip Op 50084(U))

[*1]

UKI Freedom LLC v Organization for the Defense of Four Freedoms for Ukraine, Inc.

2024 NY Slip Op 50084(U)

Decided on January 25, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 25, 2024
Supreme Court, New York County

UKI Freedom LLC D/B/A BRASSERIE SAINT MARC, GREG LEBEDOWICZ, Plaintiff,

against
Organization for the Defense of Four Freedoms for Ukraine, Inc. and ESTEBAN KACZURAK, Defendant.

Index No. 158095/2022

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 005) 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 86, 101, 104, 107, 136, 137, 138, 139, 140, 141, 152 were read on this motion to/for QUASH SUBPOENA, FIX CONDITIONS.
In this action for, inter alia, a declaratory judgment of commercial tenant harassment, arising out of alleged harassment and interference with operations of the plaintiff, plaintiff UKI Freedom LLC moves pursuant to CPLR 2304 and 3103(a) to quash defendant Organization for the Defense of Four Freedoms for Ukraine, Inc.'s (ODFFU) third-party subpoenas of non-parties Ukrainian National Federal Credit Union, B King Chick LLC and Berger Fink LLP and for a protective order with respect to the subpoenas. For the reasons stated herein, the motion is granted.
Pursuant to CPLR 3101 (a) (4), a party may obtain discovery from a nonparty of "matter material and necessary in the prosecution or defense of an action" in possession of a nonparty. "A party or nonparty moving to quash a subpoena has the initial burden of establishing either that the requested disclosure is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious" (Wells Fargo Bank, N.A. v Confino, 175 AD3d 533, 534-535 [2d Dept 2019] [internal quotation marks omitted]; see CPLR 2304; Matter of Kapon v Koch, 23 NY3d 32, 34 [2014]; Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d 611, 612-613 [2d Dept 2017]). "Should the [movant] meet this burden, the subpoenaing party must then establish that the discovery sought is material and necessary to the prosecution or defense of [the] action" (Wells Fargo Bank, N.A. v Confino, 175 AD3d at 535 [internal quotation marks omitted]; see Matter of Kapon v Koch, 23 NY3d at 34; Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d at 613). "Where disclosure is sought against a nonparty, more stringent requirements are imposed on the party seeking disclosure" (Velez v Hunts Point Multi-Serv. Ctr., Inc., 29 AD3d 104, 108 [1st Dept. 2006]).
By producing the copies of the third-party subpoenas, plaintiff meets its burden of demonstrating that the requested information is "utterly irrelevant to the action" (Wells Fargo Bank, N.A. v Confino, 175 AD3d at 534-53). Here, defendant ODFFU issued subpoenas against non-parties Ukrainian National Federal Credit Union, B King Chick LLC and Berger Fink LLP, seeking information relating to a loan given by the Ukrainian National Federal Credit Union to ODFFU, the mortgage on the subject property that secures the loan, the assignment and transfer [*2]of the loan and mortgage from the Ukrainian National Federal Credit Union to B King Chick LLC, the foreclosure action on the mortgage, and the interpleader action concerning certain accounts held by the Ukrainian National Federal Credit Union relating to ODFFU. ODFFU's ninth counterclaim against Esteban Kaczurak for tortious interference and its counterclaims against Greg Lebedowicz have been dismissed by the decision and order of this court dated October 20, 2023. In light of these dismissals, the only issues remaining in this action relate to ODFFU's harassment of plaintiff and plaintiff's breaches of the lease, which are unaffected by any loan or mortgage that may have been entered into by ODFFU or subsequently reassigned, or the disposition of the accounts held by the Credit Union relating to ODFFU. Indeed, these documents do not relate to plaintiff at all. As such, the documents ODFFU seeks through these non-party subpoenas are "utterly irrelevant" to the instant action (Wells Fargo Bank, N.A. v Confino, 175 AD3d at 534-53).
In its affirmation in opposition to this motion, defendant ODFFU fails to establish that the discovery sought is "material and necessary to the prosecution or defense of [the] action" (Wells Fargo Bank, N.A. v Confino, 175 AD3d at 535). ODFFU argues that the documents demanded would support its counterclaim against Kaczurak and its affirmative defenses of unclean hands, fraudulent and/or unlawful conduct and "culpable conduct." ODFFU claims that the subpoenas "seek[] to recover any and all business records and financial records relating to ODFFU doing business with the [entities]" and that the demanded records are "crucial for ODFFU to try to recreate its business records and financial transactions with the [entities]," particularly as they relate to the ODFFU's assignment of its mortgage and loan during which time Kaczurak was acting as a board member of ODFFU. However, not only are the subpoenas now moot as they relate to ODFFU's counterclaim against Kaczurak, but they would also serve no purpose in prosecuting the affirmative defenses, which are improperly asserted in a conclusory manner without any detail or factual allegations, and themselves subject to dismissal (see Commissioners of State Ins. Fund v Ramos, 63 AD3d 453 [1st Dept. 2009]; Manufacturers Hanover Trust Co. v Restivo, 169 AD2d 413 [1st Dept. 1991]). Moreover, ODFFU fails to establish how or why an assignment of the loan or mortgage serve as affirmative defenses to plaintiff's claims. Indeed, ODFFU makes no argument that these documents are sought in relation to any of the claims remaining in this case.
The court also notes that ODFFU's argument that the motion to quash is untimely is without merit, as a party's "failure to object to the [opposing party's] discovery demands within the time period set forth in CPLR 3122 (a) (1) does not foreclose review of the [party's] challenge to those demands on the ground that they were palpably improper" (U.S. Bank Trust, N.A. v. Carter, 204 AD3d 727, 729 [2d Dept. 2022]).
Accordingly, it is
ORDERED that plaintiff UKI Freedom LLC's motion to quash the subpoenas against Ukrainian National Federal Credit Union, B King Chick LLC and Berger Fink LLP and for a protective order is granted.
This constitutes the decision and order of the court.
DATE Jamuary 25, 2024
ROBERT REED, J.S.C.