Pira v Pira (2024 NY Slip Op 50872(U))

[*1]

Pira v Pira

2024 NY Slip Op 50872(U)

Decided on July 10, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 10, 2024
Supreme Court, Kings County

Giacinto Pira, Plaintiff,

against
Amedeo Pira, Individually, and as Trustee of the 
 Francesco and Luisa Pira Irrevocable Inter Vivos Trust Agreement Dated November 29, 2011, Defendant.

Index No. 509510/2020

Law Office of Lucy F. Titone, Garden City (Lucy F. Titone of counsel), for plaintiff.
Connors and Sullivan, Attorneys-at-Law, P.L.L.C., Brooklyn (Harris S. Papas of counsel), for defendant.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Submitted by Defendant in Support of Motion
NYSCEF Doc No. 58: Notice of motion
NYSCEF Doc No. 59: Harris S. Papas affirmation
NYSCEF Doc No. 60: Exhibit A, Pira Trust amendment
NYSCEF Doc No. 61: Exhibit B, Gina Pira ex parte subpoena
NYSCEF Doc No. 62: Exhibit C, Francesco and Luisa Pira Trust
NYSCEF Doc No. 63: Exhibit D, Powers of attorney for Francesco and Luisa Pira
NYSCEF Doc No. 64: Exhibit E, Francesco Pira deposition transcript
NYSCEF Doc No. 65: Exhibit F, Amedeo Pira deposition transcript
NYSCEF Doc No. 66: Exhibit G, Appellate Division decision and order
NYSCEF Doc No. 67: Exhibit H.1, Plaintiff's notice of discovery and inspection
NYSCEF Doc No. 68: Exhibit H.2, Defendant's response to discovery and inspection
NYSCEF Doc No. 69: Exhibit H.3, Correspondence, Sept. 16, 2022
NYSCEF Doc No. 70: Exhibit H.4, Correspondence Oct. 13, 2022
NYSCEF Doc No. 71: Exhibit H.5, Correspondence Dec. 1, 2022
NYSCEF Doc No. 72: Exhibit H.6, Correspondence Jan. 24, 2023
NYSCEF Doc No. 73: Exhibit H.7, Correspondence Feb. 7, 2023
Submitted by Plaintiff in Opposition to Motion
NYSCEF Doc No. 74: Lucy F. Titone affirmation
NYSCEF Doc No. 75: Lucy F. Titone affirmation of electronic service
Upon the foregoing papers, having heard oral argument, and due deliberation having been had,[FN1]
the within motion is determined as follows.
I. BACKGROUND
In 2011, Francesco and Luisa Pira created the inter vivos Francesco and Luisa Pira Trust (hereinafter the "Trust"), naming their children, Plaintiff Giacinto "Gino" Pira and Defendant Amedeo Pira as beneficiaries, as well as their two daughters, one of whom is now deceased and the other who is not a party to the instant action (see NYSCEF Doc No. 62, Trust). Defendant was also appointed as Trustee (see id.). In 2014, after family relationships became strained, an amendment removing Plaintiff as a beneficiary was made to the 2011 Trust (see NYSCEF Doc No. 60, Trust Amendment ¶ I [F]; NYSCEF Doc No. 59, Papas aff ¶ 8). The instant action seeks to set aside the 2014 amendment and have an accounting conducted (see NYSCEF Doc No. 59, Papas aff ¶ 4; NYSCEF Doc No. 74, Titone aff ¶ 3). The instant action was commenced against Defendant both individually and as Trustee (see NYSCEF Doc No. 59, Papas Aff ¶ 2).
Defendant Amedeo Pira's motion herein before the Court seeks to quash a non-party witness subpoena pursuant to CPLR § 2304, to obtain a protective order with respect to the subpoena granted pursuant to CPLR § 3103, an award of attorney's fees and costs, and such other relief as may be just and proper (see NYSCEF Doc Nos. 58, notice of motion; 61, Gina Pira ex parte subpoena). The motion was made after Plaintiff subpoenaed three nonparty witnesses: Defendant's wife, Gina Pira, Trust beneficiary Venera Buccelli (sister of Plaintiff and Defendant), and Giacomo Maniscalco, the notary of the signatures on the 2014 trust amendment (see NYSCEF Doc No. 59, Papas aff ¶ 19). Defendant only objects to the subpoena of Gina Pira, which is dated March 7, 2024 (see id. at ¶¶ 26-27).
For the following reasons, Defendant's motion to quash the subpoena is GRANTED IN PART and DENIED IN PART: the subpoena is quashed with leave given to the Plaintiff to correct the deficiencies, but no protective order shall be issued.

 II. CONTENTIONS
In support of the motion to quash, Defendant argues that the subpoena served on Gina Pira was facially deficient because it failed to give her adequate notice as to the relevance of her deposition testimony (see NYSCEF Doc No. 59, Papas aff ¶ 5). Defendant also argues that Plaintiff did not provide Defendant with adequate notice of the intent to seek testimony from Gina (see id.). Additionally, Defendant avers that Gina Pira has no connection to, nor interest in, the case (see id.). In support of the granting of a protective order, Defendant argues that the subpoena inter alia is a proverbial "fishing expedition" and being used to harass and intimidate [*2]Defendant and his wife Gina (see id. at ¶ 33).

III. ANALYSIS
In order to survive a facially defective challenge, subpoenas must give notice to the party served which states the "circumstances or reasons such disclosure is sought or required" (CPLR § 3101 [a] [4]; see also Matter of Kapon v Koch, 23 NY3d 32, 36 [2014] [rationalizing § 3101 (a) (4)'s notice provision because "a nonparty is likely to be less cognizant of the issues in pending litigation than a party. . . ."]; Gandham v Gandham, 170 AD3d 964, 966 [2d Dept 2019]). Further, "the subpoenaing party's notice obligation . . . [i]s meant to apprise a stranger to the litigation [of] the 'circumstances or reasons' why the requested disclosure [i]s sought or required" (Kapon, 23 NY3d at 39). This standard requires that the information sought must be "material and necessary," which "is in keeping with this state's policy of liberal discovery" (id. at 38). While there is no brightline rule, the Court of Appeals has held that the words "must be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial. . ." (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). Finally, the Court has specified that "so long as the disclosure sought is relevant to the prosecution or defense of an action, it must be provided by the nonparty" (Kapon, 23 NY3d at 38). Pertinently, following the Kapon decision, parties are no longer required to demonstrate that the information sought is unavailable from any other source (see id. at 37-38).
Subpoenas are generally issued without court orders, except in specific circumstances, e.g., a subpoena to produce a prisoner (see CPLR § 2302 [b]). Instead, CPLR § 2302 (a) provides that subpoenas may be issued by the attorney of record for a party. However, CPLR Rule 3107 includes, in pertinent part, "A party desiring to take the deposition of any person upon oral examination shall give to each party twenty days' notice, unless the court orders otherwise" (emphasis added). Additionally, CPLR § 2304 provides, in pertinent part, that "[i]f the subpoena is not returnable in a court, a request to withdraw or modify the subpoena shall first be made to the person who issued it and a motion to quash, fix conditions or modify may thereafter be made in the supreme court" (emphasis added).
With regard to the burden of proof on a motion to quash, the moving party bears the initial burden of proving that the disclosure sought is either irrelevant or that it is obvious that the disclosure sought will uncover nothing legitimate (see Kapon, 23 NY3d at 39; Matter of Dairymen's League Coop. Assn., Inc., 274 AD 591, 595 [1st Dept 1948], affd per curiam, 299 NY 634 [1949] [a subpoena may not be vacated "unless the person subpoenaed can demonstrate that it calls for (information) that is utterly irrelevant to any proper inquiry]; see also Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d 611, 612-613 [2d Dept 2017]). "A party or nonparty moving to quash a subpoena has the initial burden of establishing either that the requested disclosure is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious" (Elavon Inc. v Meyer, 203 AD3d 1030, 1031 [2d Dept 2022] [internal citations omitted]). " 'Should the [movant] meet this burden, the subpoenaing party must then establish that the discovery sought is 'material and necessary' to the prosecution or defense of [the] action" (id., quoting Kapon, 23 NY3d at 34). Importantly, even sworn affidavits from the parties that are subpoenaed stating that those parties have no relevant information pertaining to the action are not necessarily sufficient to carry the burden of proof on a motion to quash (see Matter of Thomson v Zillow Inc., 51 Misc 3d 1050, 1054 [Sup Ct, NY County 2016], citing Menkes v Beth Abraham Health Servs., 120 AD3d 408, 990 [1st Dept 2014] [witness' sworn denial insufficient to carry burden that the information sought was "utterly [*3]irrelevant"]). The same is true for sworn affirmations of those parties' attorneys (see Thomson, 51 Misc 3d at 1054).
There are three key issues before the Court on this motion: (1) whether sufficient notice of the intent to question the witness was given to Defendant's attorney pursuant CPLR Rule 3107; (2) whether the subpoena was facially sufficient in describing the "circumstances or reasons" that the deposition was being sought, per CPLR § 3101 (a) (4); and if so, (3) whether Defendant has met its burden to quash the subpoena pursuant to CPLR § 2304, as well as its burden for a protective order pursuant to CPLR § 3103.
On the first issue, the Court finds that there was not sufficient notice given to Defendant's counsel apprising him of Plaintiff's intent to depose Gina Pira. Defendant avers that he was only notified of the subpoena after one of the witnesses contacted him privately to let counsel know that the witness had received a subpoena (see NYSCEF Doc No. 59, Papas aff ¶ 20). To this effect, Plaintiff's counsel's affirmation in opposition to the motion nowhere addresses the issue of notice to Defendant's counsel. As a result, the subpoena is not in compliance with CPLR § 3107. However, the record also does not indicate that any request was made to Plaintiff's counsel from Defendant's counsel to withdraw or modify the subpoena prior to filing this motion, leading to the conclusion that Defendant is also noncompliant with the CPLR.
Moving forward, the Court holds that the subpoena issued to Gina Pira was facially deficient in that it did not sufficiently apprise her of the circumstances or reasons that Plaintiff was seeking her testimony. There is a factual consideration in this case, to wit, that Gina Pira is the Defendant's wife, and therefore it could be argued that she is more likely than not to already be aware of the pending action, but because relaxing the notice standard in such situations is not contemplated in case law nor the CPLR, this Court declines to do so. The fact is that Gina Pira is a nonparty, and therefore is entitled to the same notice as any other nonparty, regardless of her relationship to any of the parties in the action. While the notice standard is notably quite low, and this is by design, this Court finds that including only that the nonparty is "a witness to the facts and circumstances surrounding the pending Supreme Court action and has information necessary to the response of the above proceeding" does not adequately apprise the nonparty of the ongoing action such that she is made aware of the reason for requesting her deposition (NYSCEF Doc No. 61, Gina Pira ex parte subpoena). In the affirmation in opposition, Plaintiff's counsel submits that Gina Pira's testimony is "likely to be relevant to the adjudication of the instant action" because Pira "is likely to have knowledge of relevant facts and circumstances, including conversations, events, and family dynamics, that may shed light on the issues in dispute" (NYSCEF Doc No. 74, Titone aff ¶ 7). The irony is not lost on the Court that had this explanation been included in the subpoena, it is very possible that it would have survived a facially deficient challenge.
While the subpoena in its current form is facially deficient, and Defendant has met his burden to establish this in accordance with CPLR § 3101 (a) (4), the Court does not agree with Defendant's argument that the discovery sought is "utterly irrelevant" to the instant action. Following from that, the Court does not agree with Defendant's argument that the discovery is a "thinly-veiled 'fishing expedition' " (NYSCEF Doc No. 59, Papas aff ¶ 6). In addition, Defendant's argument that Plaintiff has asked for an "exorbitant amount of discovery" (id.) is similarly without merit, as the State's long-standing position is one of liberal discovery. Similarly, Defendant's argument that the discovery is being sought as an intimidation and harassment tactic because Gina Pira suffers from illness (see id. at ¶ 31) is not supported by any [*4]evidence and therefore would also fail to carry Defendant's burden, had the subpoena been facially sufficient. As a result, the Court finds that Defendant has not met the burden for a protective order pursuant to CPLR § 3103.
As for attorney's fees, this Court discerns no basis for such an award.

 IV. Conclusion
Therefore, based upon the foregoing, it is ORDERED that the branch of Defendant's motion seeking to quash the March 7, 2024 subpoena issued by Plaintiff to Gina Pira is GRANTED. That branch of Defendant's motion seeking a protective order is DENIED, as is that branch which seeks attorney's fees. No further relief is granted to Defendant, but leave is granted to Plaintiff to correct the deficiencies in the subpoena and to re-serve it properly and in compliance with relevant CPLR provisions.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:The Court calls attention to the provisions requiring that an opinion or decision be included in the record on appeal should an appeal be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).