U.S. Bank Trust, N.A. v Charlebois (2025 NY Slip Op 07428)

U.S. Bank Trust, N.A. v Charlebois

2025 NY Slip Op 07428

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2022-10101
 (Index No. 720794/19)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
vEllen Russell Charlebois, etc., appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Day Pitney, LLP, New York, NY (Christina A. Livorsi of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ellen Russell Charlebois appeals from an order of the Supreme Court, Queens County (Phillip Hom, J.), entered October 20, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 2304 and 3101 to quash a subpoena served upon nonparty Mark K. Broyles by the defendant Ellen Russell Charlebois.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 1998, the defendant Ellen Russell Charlebois (hereinafter the defendant) executed a note, which was secured by a mortgage on certain real property located in Flushing. In December 2019, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. During discovery, in February 2022, the defendant served a subpoena upon nonparty Mark K. Broyles, the plaintiff's attorney. The plaintiff moved, inter alia, pursuant to CPLR 2304 and 3101 to quash the subpoena. In an order entered October 20, 2022, the Supreme Court, among other things, granted that branch of the plaintiff's motion. The defendant appeals.
"Pursuant to CPLR 3101(a)(4), a party may obtain discovery from a nonparty of 'matter material and necessary in the prosecution or defense of an action' in possession of a nonparty, providing the nonparty is apprised of the 'circumstances or reasons such disclosure is sought or required'" (U.S. Bank Trust, N.A. v Carter, 204 AD3d 727, 729, quoting CPLR 3101[a][4]; see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407). "Under that statute, the party who served the subpoena has an initial minimal obligation to show that the nonparty was apprised of the circumstances or reasons that the disclosure is sought" (Nunez v Peikarian, 208 AD3d 670, 671). "Once that is satisfied, it is then the burden of the person moving to quash a subpoena to establish either that the requested disclosure 'is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious'" (id., quoting Matter of Kapon v Koch, 23 NY3d 32, 34; see U.S. Bank Trust, N.A. v Carter, 204 AD3d at 729). "'Should the [movant] meet this burden, the subpoenaing party must then establish that the discovery sought is material and necessary to the prosecution or defense of [the] action'" (U.S. Bank Trust, N.A. v Carter, 204 AD3d at 729-730, quoting Wells Fargo Bank, N.A. v Confino, 175 AD3d 533, 535).
Here, the defendant met her minimal obligation to show that she provided adequate notice of the circumstances or reason requiring the disclosure (see CPLR 3101[a][4]; Nunez v Peikarian, 208 AD3d at 671). However, contrary to the defendant's contention, the plaintiff met its initial burden of establishing that the requested disclosure was utterly irrelevant (see Matter of County of Suffolk v Kennedy, 211 AD3d 937, 939; U.S. Bank Trust, N.A. v Carter, 204 AD3d at 729-730; see also Siegel v Snyder, 202 AD3d 125, 132). In opposition, the defendant failed to establish that the requested disclosure was material and necessary to her defense of the action (see U.S. Bank Trust, N.A. v Carter, 204 AD3d at 730). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 2304 and 3101 to quash the subpoena.
The parties' remaining contentions need not be reached in light of our determination.
LASALLE, P.J., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court