Frankel v 59 Sands Point, LLC
2026 NY Slip Op 03427
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Ronald Frankel, respondent,
v
59 Sands Point, LLC, et al., defendants, Eve Strausman Winston, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2016-11897, 2019-00491, (Index No. 8597/14)
Mark C. Dillon, J.P.
Barry E. Warhit
Carl J. Landicino
Phillip Hom, JJ.

Eve Strausman Winston and Jonathan Winston, Locust Valley, NY, appellants pro se.
Fidelity National Law Group (Loeb & Loeb LLP, New York, NY [David M. Satnick, Sara J. Crisafulli, and Jon Hollis], of counsel), for appellant Hudson City Savings Bank.
Schlam Stone & Dolan LLP, New York, NY (Richard H. Dolan and Samuel L. Butt of counsel), for respondent.
In an action, inter alia, to foreclose mortgages, the defendant Hudson City Savings Bank appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated September 20, 2016, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered November 21, 2018, and the defendants Eve Strausman Winston and Jonathan Winston separately appeal from the order and judgment of foreclosure and sale. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Hudson City Savings Bank and dismissing that defendant's affirmative defenses and for an order of reference. The order and judgment of foreclosure and sale, insofar as appealed from, upon the order dated September 20, 2016, among other things, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Hudson City Savings Bank, Eve Strausman Winston, and Jonathan Winston and dismissing those defendants' affirmative defenses and for an order of reference and denying that branch of the cross-motion of the defendants Eve Strausman Winston and Jonathan Winston, made jointly with the defendants 59 Sands Point, LLC, and 513 Central Park, LLC, which was for summary judgment dismissing the complaint insofar as asserted against the defendants Eve Strausman Winston and Jonathan Winston, confirmed a referee's report and directed the sale of the subject property.

[*1]
DECISION & ORDER
Motion by the respondent Ronald Frankel, inter alia, to dismiss the appeal by the appellant Hudson City Savings Bank from the order dated September 20, 2016, on the ground that the right of direct appeal from the order terminated upon entry of the order and judgment of foreclosure and sale. By decision and order on motion of this Court dated April 26, 2023, that branch of the motion of the respondent Ronald Frankel which is to dismiss the appeal by the appellant Hudson City Savings Bank from the order dated September 20, 2016, on the ground that [*2]the right of direct appeal from the order terminated upon entry of the order and judgment of foreclosure and sale was held in abeyance and referred to the panel of Justices hearing these appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion of the respondent Ronald Frankel which is to dismiss the appeal by the appellant Hudson City Savings Bank from the order dated September 20, 2016, is granted; and it is further,
ORDERED that the appeal from the order dated September 20, 2016, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the defendant Hudson City Savings Bank and the defendants Eve Strausman Winston and Jonathan Winston appearing separately and filing separate briefs.
The appeal by the defendant Hudson City Savings Bank (hereinafter Hudson) from so much of the order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Hudson and dismissing Hudson's affirmative defenses and for an order of reference must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action, inter alia, to foreclose mortgages on certain real property. He moved, among other things, for summary judgment on the complaint insofar as asserted against Hudson and the defendants Eve Strausman Winston and Jonathan Winston (hereinafter together the Winstons) and dismissing those defendants' affirmative defenses and for an order of reference. The Winstons, jointly with the defendants 59 Sands Point LLC, and 513 Central Park, LLC, cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against the Winstons on the ground that the plaintiff failed to comply with RPAPL 1303. In an order dated September 20, 2016, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied that branch of the cross-motion. Thereafter, in an order and judgment of foreclosure and sale entered November 21, 2018, the court, inter alia, confirmed a referee's report and directed the sale of the property. Hudson and the Winstons separately appeal.
The Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Hudson and the Winstons and dismissing those defendants' affirmative defenses and for an order of reference. Generally, a plaintiff moving for summary judgment in a mortgage foreclosure action establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see Lakeview Loan Servicing, LLC v Swanson, 231 AD3d 801, 802; HSBC Bank USA, NA v Thoppil, 227 AD3d 1056, 1057). Here, in opposition to the plaintiff's prima facie showing of his entitlement to judgment as a matter of law, the parties opposing the plaintiff's motion failed to raise a triable issue of fact. Contrary to the contentions of Hudson and the Winstons, the plaintiff's motion was not premature (see CPLR 3212[f]; R.L. v New York City Dept. of Educ., 175 AD3d 477, 479; see also Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d 611).
The parties' remaining contentions are either not properly before us or without merit.
Accordingly, we affirm the order and judgment of foreclosure and sale insofar as [*3]appealed from.
DILLON, J.P., WARHIT, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court