■ AMPARO CARVAJAL, Appellant, v M. MADISON LLC, et al., Respondents. [747 NYS2d 93]

In April 1997, plaintiff sustained personal injuries as a result of a trip and fall in an internal stairway at premises owned by defendant M. Madison LLC (Madison) in the course of her employment as part of the building's maintenance staff. Plaintiff subsequently commenced a personal injury action against defendants Madison and Joseph Moinian (Moinian), a principal of Madison. Defendants interposed an answer which included the exclusivity provision of the Workers' Compensation Law as an affirmative defense. In particular, defendants asserted, inter alia, that plaintiff was an employee of its managing agent, Newmark & Company Real Estate, Inc. (Newmark).

In a related proceeding before the Workers' Compensation Board wherein the defendants were not parties, plaintiff was deemed to be an employee of Newmark by the Board and was awarded workers' compensation benefits from Newmark's insurer from April 1997 through November 1999 in the amount of $49,476.

Approximately 16 months after all pretrial discovery was deemed completed and the note of issue was filed, defendants moved to amend their affirmative defense to reflect Madison as plaintiff's actual employer at the time of the incident and to dismiss the complaint against the defendants. Defendants contend that this error was realized during pretrial discovery and submitted copies of plaintiff's W-2 tax forms for 1996 and 1997, certain payroll checks from 1997 and a Service agreement between Newmark and Pritchard Industries, who supervised the cleaning staff, all of which identify plaintiff's employer as Madison. Plaintiff opposed the motion, contending, inter alia, that she would be prejudiced by this belated amendment since any claim against Newmark would be barred by the applicable three-year statute of limitations. In addition, plaintiff submitted certain payroll records indicating that Newmark was plaintiff's employer.

By order dated January 29, 2001, the IAS court granted defendants' motion to amend their answer to modify their affirmative defense to reflect that Madison was in fact plaintiff's actual employer and, based upon such a defense, granted sum-

mary judgment to defendants and dismissed the complaint against them. A resulting judgment was entered in favor of the defendants on June 14, 2001 and plaintiff appeals from this judgment.

The motion to amend the answer was properly granted, there being no showing of prejudice or surprise resulting from the delay since plaintiff knew or should have known, as evidenced by the competing documentary evidence, that Madison may have been her actual employer at the time of the subject incident prior to the expiration of the applicable statute of limitations (see *Caceras v Zorbas*, 74 NY2d 884; *Brooks v City of New York*, 246 AD2d 492).

In light of the foregoing issues as to the identity of plaintiff's actual employer and the sharp discrepancies in the documentary evidence, the IAS court erred in granting summary judgment in favor of the defendants and dismissing the complaint against them. Defendants, as proponents of the request for summary relief, have failed to proffer evidence in admissible form which unequivocally refutes the status of Newmark as plaintiff's employer and which conclusively demonstrates that defendants are plaintiff's true employer. In any event, defendants' motion for summary judgment was untimely inasmuch as it was made more than 120 days after the filing of the note of issue and defendants have failed to demonstrate the requisite "good cause" for the delay (see CPLR 3212 [a]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Saxe, J.P., Sullivan, Lerner, Rubin and Friedman, JJ.