JOHN HUMPHREY et al., Appellants, v MARK J. KULBASKI, M.D., et al., Respondents. [911 NYS2d 138]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated September 18, 2009, as granted those branches of the separate motions of the defendants Mark J. Kulbaski and Dutchess

Surgical Associates, P.C., the defendant Jayesh R. Modi, and the defendant St. Francis Hospital, Poughkeepsie, New York, which were to quash nine subpoenas duces tecum served by the plaintiffs upon nonparties and imposed certain conditions for the admission at trial of any documents which were produced by nonparties in response to the invalid subpoenas duces tecum.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motions which were to quash the subpoenas duces tecum served by the plaintiffs upon nonparties who have complied with those subpoenas, and substituting therefor a provision denying those branches of the motions as academic, and (2) by deleting therefrom the words "and establishing 'special circumstances'" from the sentence beginning with the words "If any party in this matter wishes to offer any of the records into evidence"; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The plaintiffs served subpoenas duces tecum on nine nonparties, including eight healthcare providers and one healthcare insurer, requesting all records in their possession pertaining to the plaintiff John Humphrey. The defendants separately moved, inter alia, to quash the subpoenas. Prior to the full submission of the motions, several of the nonparties complied with the subpoenas by mailing certified copies of the medical records to the office of the plaintiffs' attorney. The number and identity of the nonparties in compliance is not precisely set forth in the record before us. The Supreme Court granted those branches of the motions which were to quash and further imposed certain conditions in the event that a party wished to introduce into evidence at trial any of the records which were already produced, including a requirement that new judicial subpoenas duces tecum be issued to such nonparties directing that the records be sent to the clerk of the court. We modify.

The Supreme Court properly granted those branches of the motions which were to quash the subpoenas served upon the nonparties who have not complied with those subpoenas. The plaintiffs failed to satisfy the threshold requirement that the disclosure sought is "material and necessary" in their prosecution of the action (CPLR 3101 [a]). The subject subpoenas demand production of "all . . . files and records" pertaining to the plaintiff John Humphrey's treatment by the nonparty healthcare providers and billing by the nonparty healthcare insurer without narrowing the request by time period, the type

of treatment, or relationship to the medical condition which is the subject of this action. In opposition to the motions to quash, the plaintiffs failed to make any further showing that the requested documents were relevant to the issue of the defendants' alleged negligence. The subpoenas were, thus, properly quashed as seeking irrelevant material (*see Kooper v Kooper*, 74 AD3d 6, 10-11 [2010]; *Mendelovitz v Cohen*, 49 AD3d 612 [2008]).

The Supreme Court providently exercised its discretion in requiring, with respect to the nonparties who complied, that the records of those nonparties be subpoenaed to the office of the clerk of the court in the event that any party wishes to introduce them into evidence at trial (*see Weinberg v Remyco, Inc.*, 9 AD3d 425, 427 [2004]; CPLR 2306 [b]). As "special circumstances" need not be established in support of the new subpoenas (*see Kooper v Kooper*, 74 AD3d at 16), we modify the order to delete that provision.

In light of our determination, we need not address the parties' remaining contentions. Dillon, J.P., Florio, Angiolillo and Dickerson, JJ., concur.