■ ELIZABETH BOUR, Appellant, v 259 BLEECKER LLC, Respondent. [961 NYS2d 98]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered May 9, 2011, which granted defendant's motion to quash plaintiff's subpoenas duces tecum served on nonparties, and denied plaintiff's motion to strike defendant's answer for willful failure to produce discovery and to deem the subpoenas enforceable, unanimously affirmed, without costs. Order, same court and Justice, entered October 4, 2011, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the claims for personal injury and punitive damages, denied plaintiff's cross motion for

summary judgment, to compel discovery or alternatively to strike defendant's answer, and for leave to amend her bill of particulars, and granted defendant's motion to quash plaintiff's trial subpoenas served on nonparties, unanimously modified, on the law, to reinstate the claims for personal injury, and otherwise affirmed, without costs.

Plaintiff submitted both testimonial and documentary evidence supporting her claim that there was a bedbug infestation in the apartment and that she sustained bedbug bites. The absence of any medical treatment for the bites, while significant to the value of the damages sought, does not mandate dismissing the claim for personal injury damages as a matter of law (cf. *Grogan v Gamber Corp.*, 19 Misc 3d 798 [Sup Ct, NY County 2008]).

Plaintiff, however, failed to show that defendant's failure to maintain the property in a reasonably safe condition unreasonably endangered her physical safety or caused her to fear for her safety so as to sustain the claim for negligent infliction of emotional distress (*see Sheila C. v Povich*, 11 AD3d 120, 130 [1st Dept 2004]). Further, defendant's leasing of the apartment to plaintiff while aware of a bedbug history does not rise to the level of outrageous conduct required to sustain a claim for infliction of emotional distress, especially since at the time this case was filed there was no legal obligation for landlords to give a prospective tenant notice of bedbug infestation history (Administrative Code of City of NY § 27-2018.1) and defendant had been treating the condition before plaintiff moved in. For the same reason, we find that in renting the apartment defendant was not "morally culpable, or . . . actuated by evil and reprehensible motives" so as to warrant punitive damages (*see Munoz v Puretz*, 301 AD2d 382, 384 [1st Dept 2003] [internal quotation marks omitted]). Nor did defendant engage in pervasive or grave misconduct of a quasi-criminal nature affecting the public in general (*see Fabiano v Philip Morris Inc.*, 54 AD3d 146, 150 [1st Dept 2008]).

The post-note of issue subpoenas that plaintiff served on nonparties were overbroad (*see Rodriguez v Crescent Contr. Corp.*, 305 AD2d 215 [1st Dept 2003]), and plaintiff was improperly using them to secure discovery that she failed to obtain in pretrial disclosure (*see Mestel & Co. v Smythe Masterson & Judd*, 215 AD2d 329, 329-330 [1st Dept 1995]). To the extent plaintiff had demanded the production of the materials before filing the note of issue, it does not avail her, since she never requested an extension of time to file the note of issue, and she opposed defendant's motion to vacate the note of issue at one point without raising the discovery issue.

Plaintiff failed to submit her proposed amended bill of particulars with her motion. Further, the proposed amendments are based on her speculation as to what the subpoenaed materials would disclose.

Plaintiff failed to set forth any " 'unusual or unanticipated circumstances' " to justify vacating the note of issue (*see Price v Bloomingdale's*, 166 AD2d 151, 152 [1st Dept 1990], quoting 22 NYCRR 202.21 [d]). Concur—Mazzarelli, J.P., Acosta, Freedman, Richter and Gische, JJ.