■ Yasmin Davila et al., Appellants, v Sleepy's, LLC, Respondent/Third-Party Plaintiff-Respondent. Precise Transport, Inc., Third-Party Defendant-Respondent. [37 NYS3d 525]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered December 18, 2014, which granted the motions of defendant/third-party plaintiff Sleepy's, LLC and third-party defendant Precise Transport, Inc. (Precise) for summary judgment dismissing the complaint and third-party complaint, unanimously modified, on the law, to deny the motions to the extent the complaint seeks damages for bodily or pecuniary injury, and otherwise affirmed, without costs.

Plaintiffs, who are members of the same family, allege that they sustained bedbug bites after a mattress they purchased from Sleepy's was delivered to their home by Precise. The evidence submitted by plaintiffs in opposition, including deposition testimony and an affidavit of an entomologist, raises triable issues as to whether negligent actions or omissions of Sleepy's or Precise resulted in the introduction of bedbugs into plaintiffs' home, and whether such bugs caused plaintiffs physical injury through bites, as well as, consequential damages on account of plaintiffs' claimed efforts to eradicate the bug problem. The circumstantial evidence relied upon by plaintiffs in support of their claims offered a basis upon which a jury could reasonably and logically infer liability for the alleged bug infestation (*see e.g. Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744-745 [1986]; *Chimilio-Ramos v Banguera*, 62 AD3d 538 [1st Dept 2009]). On this record, however, there is no evidence from which a jury could rationally conclude that defendants engaged in conduct sufficiently extreme and outrageous to support a recovery for emotional distress or mental anguish (*see Bour v 259 Bleecker LLC*, 104 AD3d 454 [1st Dept 2013]; *Sheila C. v Povich*, 11 AD3d 120, 130 [1st Dept 2004]). Accordingly, we affirm the dismissal of the complaint solely insofar as the complaint seeks to recover for alleged psychological injury, and modify to deny the motion to dismiss the complaint insofar as it seeks damages for alleged bodily or pecuniary injury. Concur—Friedman, J.P., Sweeny, Webber and Gesmer, JJ.