■ TD BANK, N.A., Formerly Known as COMMERCE BANK, N.A., Plaintiff, and LAWRENCE EQUITY HOLDINGS, LLC, Appellant, v 126 SPRUCE STREET, LLC, et al., Defendants, and CLUB CENTRAL, LLC, Respondent. [39 NYS3d 798]—

In an action, inter alia, to foreclose a mortgage, the plaintiff Lawrence Equity Holdings, LLC, appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered January 6, 2015, which denied its motion to quash subpoenas duces tecum served upon nonparties and for a protective order against further discovery from those nonparties.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the motion of the plaintiff Lawrence Equity Holdings, LLC (hereinafter Lawrence), to quash subpoenas served upon nonparties and for a protective order against further discovery from those nonparties. In a prior decision and order dated May 7, 2014, this Court affirmed an order of the Supreme Court entered September 13, 2012, which denied, in effect, as premature, that branch of Lawrence's motion which was for summary judgment on its cause of action for foreclosure, finding that the defendant Club Central, LLC, raised issues warranting further discovery (*see TD Bank, N.A. v 126 Spruce St., LLC,* 117 AD3d 716, 717 [2014]). Contrary to Lawrence's contention, the subpoenas at issue satisfied the notice requirement of CPLR 3101 (a) (4), as they contained the circumstances and reasons the disclosure

was sought, providing the nonparties with ample information to challenge the subpoenas duces tecum (*see Matter of Kapon v Koch*, 23 NY3d 32 [2014]). Lawrence also failed to make the requisite factual showing pursuant to CPLR 3103 (a) to warrant the issuance of a protective order (*see Hartheimer v Clipper*, 288 AD2d 263 [2001]). The subpoenas were not overbroad, as they set forth the documents sought by category with "reasonable particularity" (CPLR 3120 [2]), and Lawrence failed to adduce evidence demonstrating that the documents sought were protected from disclosure by the attorney-client privilege (*see Matter of Priest v Hennessy*, 51 NY2d 62, 67-69 [1980]). Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.