Lima v Ancona (2021 NY Slip Op 01970)





Lima v Ancona


2021 NY Slip Op 01970


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-06149
 (Index No. 40606/08)

[*1]Madison Lima, etc., respondent,
v
Gena Ancona, et al., defendants; Progressive Insurance Company, nonparty-appellant.


Carman Callahan & Ingham, LLP, Farmingdale, NY (Tracy S. Reifer of counsel), for nonparty-appellant.
Slater, Sgarlato & Cappello, P.C., Staten Island, NY (Thomas J. Cappello of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Progressive Insurance Company appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated March 14, 2019. The order, insofar as appealed from, denied the motion of nonparty Progressive Insurance Company to quash a subpoena duces tecum.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 3, 2007, a vehicle owned and operated by the defendant Robert Bile collided with a vehicle owned and operated by the defendant Gena Ancona. Valentina Nicoletti was a passenger in Bile's vehicle, and allegedly sustained injuries as a result of the accident. Thereafter, Nicoletti filed a claim with Progressive Insurance Company (hereinafter Progressive), Ancona's insurance carrier. On September 17, 2007, a Progressive employee met with Nicoletti about her claim, and Nicoletti executed a document that released Ancona from liability in exchange for the payment of $1,000 from Progressive.
Nicoletti subsequently commenced this action against Ancona and Bile to recover damages for personal injuries arising from the accident, claiming that the release was invalid on the grounds of coercion and mutual mistake. Nicoletti died while the action was pending, and Madison Lima, the administrator of Nicoletti's estate, was substituted as the plaintiff (hereinafter the plaintiff). On November 1, 2018, the plaintiff served a subpoena on Progressive, seeking, inter alia, training materials, employee handbooks, and the claim file for the subject accident. Progressive moved to quash the subpoena, and the plaintiff opposed Progressive's motion. In an order dated March 14, 2019, the Supreme Court, among other things, denied Progressive's motion. Progressive appeals.
A party or nonparty moving to quash a subpoena has the initial burden of establishing either that the requested disclosure "is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious" (Matter of Kapon v Koch, 23 NY3d 32, 34 [internal quotation marks omitted]; see Anheuser-Busch, Inc. v Abrams, 71 NY2d 327, 331-332; [*2]Matter of Maragos v Town of Hempstead Indus. Dev. Agency, 174 AD3d 611, 614-615; Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d 611, 612-613). "'Should the [movant] meet this burden, the subpoenaing party must then establish that the discovery sought is material and necessary to the prosecution or defense of [the] action'" (Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d at 613, quoting Matter of Kapon v Koch, 23 NY3d at 34).
Here, Progressive failed to meet its initial burden of demonstrating either that the requested disclosure was "utterly irrelevant" to the action or that the "futility of the process to uncover anything legitimate is inevitable or obvious" (Matter of Kapon v Koch, 23 NY3d at 34 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Confino, 175 AD3d 533, 534-535; Ferolito v Arizona Beverages USA, LLC, 119 AD3d 642, 643). Additionally, the demands in the subpoena were neither overbroad nor burdensome (see TD Bank, N.A. v 126 Spruce St., LLC, 143 AD3d 885, 886; Technology Multi Sources, S.A. v Stack Global Holdings, Inc., 44 AD3d 931, 933). Progressive also failed to demonstrate that the subpoena sought documents that were privileged as trade secrets (see Dana Distribs., Inc. v Crown Imports, LLC, 52 AD3d 453, 453; Sheldon v Kimberly-Clark Corp., 111 AD2d 912) or material prepared in anticipation of litigation (see Rickard v New York Cent. Mut. Fire Ins. Co., 164 AD3d 1590, 1592; Heimbach v State Farm Ins., 114 AD3d 1221, 1222; Ural v Encompass Ins. Co. of Am., 97 AD3d 562, 566-567).
Progressive's remaining contention is without merit.
Accordingly, the Supreme Court properly denied Progressive's motion to quash the subpoena.
DILLON, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court