Tribeca Space Mgrs., Inc. v Tribeca Mews Ltd. (2021 NY Slip Op 07531)





Tribeca Space Mgrs., Inc. v Tribeca Mews Ltd.


2021 NY Slip Op 07531


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Webber, J.P., Mazzarelli, Gesmer, González, Rodriguez, JJ. 


Index No. 653292/13 Appeal No. 14931-14931A Case No. 2019-05525, 2020-02333 

[*1]Tribeca Space Managers, Inc., Plaintiff-Appellant,
v
Tribeca Mews Ltd., et al., Defendants-Respondents.


Rivkin Radler LLP, New York (Cheryl F. Korman of counsel), for appellant.
Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola (Jason K. Blasberg of counsel), for respondents.



Orders, Supreme Court, New York County (Gerald Lebovits, J.), entered August 19, 2019, which, to the extent appealed from as limited by the briefs, granted defendants' motion to quash subpoenas, denied plaintiff's motion pursuant to CPLR 3211(b) to dismiss the ninth and tenth affirmative defenses, denied plaintiff's motion pursuant to CPLR 3025 to amend the complaint, and granted defendants' motion to preclude at trial any evidence of patent or latent defects for which notice was not provided within the time specified in the condominium offering plan, unanimously modified, on the law, the facts and in the interest of justice, to grant plaintiff leave to restate the breach of fiduciary duty and fraudulent conveyance claims and add a claim against 25 MyRentCo LLC for successor liability, as alleged in the proposed amended complaint, and to deny defendants' motion to preclude any evidence of patent or latent defects pertaining to Tribeca Mews Ltd's (Sponsor) obligation to construct the building to code and in conformity with plans and specifications for which plaintiff did not provide notice within the times set forth in the offering plan, and otherwise affirmed, without costs. Order, same court and Justice, entered December 17, 2019, which upon reargument, adhered to the court's original determinations, unanimously modified, to conform with this Court's order supra, and as so modified, affirmed, without costs.
Plaintiff is the board of managers of the Tribeca Space Condominium in Manhattan. Defendant Tribeca Mews Ltd. is the condominium sponsor.
Under the plain language of the condominium offering plan, Sponsor's obligations to construct the building to code and in conformity with plans and specifications and to obtain a permanent certificate of occupancy must be met irrespective of any disclaimer in its warranty to correct patent and latent defects only if provided with notice of such defects within specified times (see Waverly Props., LLC v KMG Waverly, LLC, 824 F Supp 2d 547, 562-563 [SD NY 2011]; see also Tiffany at Westbury Condominium v Marelli Dev. Corp., 40 AD3d 1073, 1075-1076 [2d Dept 2007] ["Since the offering plan and purchase agreements contained specific provisions as to how Tiffany would be constructed, which are separate and apart from the limited warranty, the owners are entitled to assert common-law breach of contract causes of action with respect to those provisions"]). Accordingly, the court should have denied defendants' motion to preclude any evidence of patent and latent defects for which requisite notice was not provided within the specified times, insofar as they pertain to Sponsor's obligations to construct the building to code and in conformity with plans and specifications and to obtain a permanent certificate of occupancy. However, the court properly denied plaintiff's motion to dismiss the ninth and tenth affirmative defenses, which may apply to patent and latent defects that are unrelated to Sponsor's alleged failure [*2]to meet its obligations to construct the building to code in conformity with plans and specifications, and to obtain a permanent certificate of occupancy.
In the absence of prejudice, leave to amend the pleadings shall be freely given unless the proposed amendment is palpably insufficient or patently devoid of merit (MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499 [1st Dept 2010]). Here, Supreme Court did not abuse its discretion in concluding that moving to amend the complaint to assert fraud and aiding and abetting fraud claims more than four years after the action was commenced, more than three years after the note of issue was filed, and more than eight months after the first trial ended in a mistrial, was prejudicial, where proposed claims were based largely, if not entirely, on evidence at the first trial that was known to plaintiffs at least since the action was commenced (Heller v Louis Provenzano, Inc., 303 AD2d 20, 23 [1st Dept 2003]; Symbax, Inc. v Bingaman, 219 AD2d 552, 553 [1st Dept 1995]). For the same reason, the court did not abuse its discretion in denying the motion to amend the complaint insofar as it sought to add a demand for punitive damages, which would involve different elements and a different dimension of liability (Heller, 303 AD2d at 23-24). The fraud and aiding and abetting fraud claims based on alleged misrepresentations in the condominium offering plan are patently devoid of merit because there is no private right of action for fraud based on misrepresentations in an offering plan (Berenger v 261 W. LLC, 93 AD3d 175, 184 [1st Dept 2012]).
However, the successor liability claim against 25 MyRentCo merely expands the theory of recovery against it, premised on the same underlying facts alleged in the original complaint and supplemented by its own admissions and actions, including defendants' previous acknowledgment that the transfer of units from Sponsor to 25 MyRentCo for membership interests in 25 MyRentCo was a "mere change of identity or form of ownership" sans transfer tax which did not change the beneficial ownership of the transferred units. Knowledge of the transactions forming the basis of the claim and the nature of the relationship between 25 MyRentCo and Sponsor is within the possession of defendants (see Carvajal v M. Madison LLC, 297 AD2d 550, 550-551 [1st Dept 2002] [finding no prejudice and granting defendant's motion, made 16 months after close of discovery, to amend affirmative defense to allege plaintiff was its employee, where "plaintiff knew or should have known . . . that (defendant) may have been her actual employer at the time of the subject incident"]). The proposed amended complaint merely amplifies the facts alleged in support of the breach of contract, breach of fiduciary duty, and fraudulent conveyance claims.
Supreme Court did not abuse its discretion in quashing the subpoenas "where, as here, plaintiff improperly utilized the overbroad trial subpoenas as a discovery device and a [*3]fishing expedition to secure from defendant[s] . . . wide-ranging discovery that plaintiff's counsel had neglected to obtain in pretrial disclosure" (Mestel & Co. v Smythe Masterson & Judd, 215 AD2d 329, 329-330 [1st Dept 1995]; see Humphrey v Kulbaski,
78 AD3d 786, 787-788 [2d Dept 2010] [quashing as overbroad subpoena requesting "all . . . files and records" pertaining to plaintiff's treatment without narrowing request to subject of the litigation]; Matter of Terry D., 81 NY2d 1042, 1044 [1993]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021