Feiner & Lavy, P.C. v Zohar (2022 NY Slip Op 06083)

Feiner & Lavy, P.C. v Zohar

2022 NY Slip Op 06083

Decided on November 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 01, 2022

Before: Gische, J.P., Gesmer, Oing, Kennedy, Scarpulla, JJ. 

Index No. 656169/17 Appeal No. 16580 Case No. 2022-01807 

[*1]Feiner & Lavy, P.C., Plaintiff-Appellant,
v
Gadi Zohar et al., Defendants-Respondents.

Law Offices of Richard G. Monaco, P.C., Bronx (Richard G. Monaco of counsel), for appellant.
Levine & Blit, PLLC, New York (Matthew J. Blit of counsel), for respondents.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered April 22, 2022, which granted defendants' motion to quash subpoenas served by plaintiff on their banking institutions, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in quashing the subpoenas, as defendants established that plaintiff was improperly using them to secure discovery after the note of issue had been filed (see Bour v 259 Bleecker LLC, 104 AD3d 454, 455 [1st Dept 2013]; see Matter of Terry D., 81 NY2d 1042, 1044-1045 [1993]; see also Tribeca Space Mgrs., Inc. v Tribeca Mews Ltd., 200 AD3d 626, 629 [1st Dept 2021]). The result does not change even though the court had directed that this discovery be provided before plaintiff filed the note of issue. We note that there is no indication that plaintiff ever moved to vacate the note of issue. This ruling does not, however, prohibit plaintiff from seeking to subpoena relevant records to the court at the time of trial.
Plaintiff's argument that defendants do not have standing to quash the subpoenas at issue is unpreserved, as it is raised for the first time on appeal (see e.g. Alpert v Alpert, 151 ADA3d 541, 541 [1st Dept 2017]). In any event, a court has power, even without any motions by the parties, to control discovery and the motion court's decision to quash the subpoenas was not an abuse of its discretion (see AQ Asset Mgt. LLC v Levine, 111 AD3d 245, 260 [1st Dept 2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 1, 2022