**Mazzone v Alonso, Andalkar & Facher, P.C.**

2024 NY Slip Op 30022(U)

January 4, 2024

Supreme Court, New York County

Docket Number: Index No. 152735/2019

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-------------------------------------------------------------------------------X

ROSA MAZZONE,

Plaintiff,

- v -

ALONSO, ANDALKAR & FACHER, P.C.,MARK J.
ALONSO, CATANIA T. FACHER, DONNA M. RUSSO,

Defendant.

-------------------------------------------------------------------------------X

ALONSO, ANDALKAR & FACHER, P.C.

Plaintiff,

-against-

DONNA RUSSO

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 152735/2019 |
| **MOTION DATE** | N/A, N/A |
| **MOTION SEQ. NO.** | 008 009 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No.  595278/2019

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 008) 464, 465, 466, 467, 468, 469, 470, 471, 472, 473

were read on this motion to/for       REFER TO ANOTHER JUDGE     .

The following e-filed documents, listed by NYSCEF document number (Motion 009) 474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 484

were read on this motion to/for       QUASH SUBPOENA, FIX CONDITIONS     .

The Defendants' motion (Mtn. Seq. No. 008) for recusal is denied and the Plaintiff's request for

leave to bring a motion seeking sanctions (NYSCEF Doc. No. 470, at 1) is also denied.

This is a malpractice case.  In 2017, the Plaintiff and her former business partner, Tracey

Schusterman, joined RBC Capital Markets, LLC (**RBC**), a brokerage firm.  Prior to joining

RBC, the Plaintiff and Ms. Schusterman entered into an agreement covering, among other things,

**152735/2019  MAZZONE, ROSA vs. ALONSO, ANDALKAR & FACHER,**
Motion No.  008 009

Page 1 of 7

what would happen if they terminated their business relationship. During a workplace argument in RBC's offices, Ms. Schusterman struck the Plaintiff in the face and was immediately suspended and ultimately terminated. The Plaintiff sought legal advice from the Defendants regarding her rights and obligations as they related to Ms. Schusterman and RBC. A FINRA arbitration ensued. The Defendants represented the Plaintiff in the FINRA arbitration. Ultimately, the FINRA arbitration panel made several findings and awarded Ms. Schusterman over $500,000 in damages against the Plaintiff. The Plaintiff subsequently commenced this legal malpractice action against the Defendants.

Previously, following years of discovery, the parties filed competing summary judgment motions. On their motion for summary judgment, the Defendants argued that the complaint against them should be dismissed because (i) the malpractice claim failed because the Plaintiff could not prove causation or damages, (ii) the breach of contract claim failed as duplicative of the malpractice claim, and (iii) the unjust enrichment claim failed because the parties' relationship was governed by contract. The Plaintiff argued that the Plaintiff was entitled to summary judgment because (i) the Defendants gave erroneous advice without basis and she was damaged thereby, (ii) those damages included the recovery of monetary sanctions imposed by the FINRA panel, and (iii) the same evidence supporting her malpractice claim entitled her to judgment on her breach of contract and unjust enrichment claims.

The Court agreed with the Plaintiff's arguments and disagreed with the Defendants issuing a Decision and Order dated January 26, 2022 (NYSCEF Doc. No. 395), among other things,

**152735/2019   MAZZONE, ROSA vs. ALONSO, ANDALKAR & FACHER,**  **Page 2 of 7**
**Motion No.  008 009**

2 of 7

[* 2]

denying the Defendants' motion for summary judgment and granting the Plaintiff's motion for summary judgment.

On appeal, as relevant, the Appellate Division modified this Court's decision to vacate the entry of judgment against the Defendants (*i.e.*, but did not modify the decision denying the Defendant's competing summary judgment motion) and identified as issues of fact for trial (i) whether the Defendants' advice regarding solicitation was reasonable under the circumstances and in harmony with *Bessemer Trust Co., N.A. v Branin* (16 NY3d 549 [2011]), (ii) whether the Plaintiff showed the requisite injury given that she faced greater losses had she been fired, which would have triggered her obligation to pay a $741,827 loan, (iii) whether the Defendants' advice was a proximate cause of the Plaintiff's injury given that she is alleged to have disregarded it, and (iv) whether Schusterman materially breached their arrangement thereby excusing the Plaintiff's performance thereunder (NYSCEF Doc. No. 463, at 2).

The Defendants now argue that the Court should recuse itself in the looming bench trial because the Defendants are of the view that the Court has pre-decided the case that the Defendants intend to put on at trial based on the Court's statements and rulings at the time the Court heard the competing summary judgment motions. The argument fails.

A judge is disqualified from sitting on a case (i) to which they are a party, (ii) in which they have been attorney or counsel, (iii) in which they are interested, or (iv) if they are related by consanguinity or affinity to any party to the controversy within the sixth degree (NY Jud § 14). Absent a legal disqualification under Judiciary Law § 14, a trial judge is the sole arbiter of

152735/2019   MAZZONE, ROSA vs. ALONSO, ANDALKAR & FACHER,
Motion No. 008 009

Page 3 of 7

recusal (*People ex rel. Spitzer v Grasso*, 49 AD3d 303, 306 [1st Dept 2008]). Pursuant to 22 NYCRR § 100.3(E), the court may recuse itself if the court's impartiality might reasonably be questioned. Pursuant to 22 NYCRR § 100.3(E)(1)(a)(ii), recusal is appropriate where "the judge has personal knowledge of disputed evidentiary facts concerning the proceeding."

At bottom, the Defendants argue that the Court made a decision such that it could not come to different decision on the record established at trial. This is not correct.

The Court made a judgment based on the record in front of the Court *at that time* and will make a judgment and decision based on the record established *at trial*. The Appellate Division has given clear instruction as to what the issues of fact are for trial. The Court shall listen dispassionately to the evidence presented at trial and render an impartial judgment and decision as to those issues holding the parties to their appropriate trial burden of proof. There simply is no appearance of impropriety and the Court has not pre-judged the case. The Court knows none of the parties in this case (or the lawyers) and favors no party as to its outcome and fully believes that it can and will be entirely impartial.

The Plaintiff indicates that the Court should grant leave to bring a motion for sanctions in the opposition papers because the Plaintiff is of the view that the motion is "impermissible judge-shopping" (NYSCEF Doc. No. 470, at 1). The Court declines to do so.

The trial is scheduled to begin on April 8, 2024 – a mere approximately 90 days from now and well before the time to appeal this decision lapses. As such, and to ensure that the parties have

**152735/2019   MAZZONE, ROSA vs. ALONSO, ANDALKAR & FACHER,**
**Motion No.  008 009**

**Page 4 of 7**

4 of 7

[* 4]

appropriate time to appeal this decision, the trial is adjourned. A status conference is scheduled for August 13, 2024, at 11:30am, at which time a new trial date shall be scheduled.

The Plaintiff's motion (Mtn. Seq. No. 009) to quash the document subpoena served by the Defendants on RBC is granted. The Defendants served both document subpoenas and trial testimony subpoenas. The trial testimony subpoenas were served on RBC (the Plaintiff's former employer) employees John Moran and Shareen Luze. The Plaintiff does not seek to quash these trial testimony subpoenas. They seek to quash the document subpoena.

The document subpoena served on RBC seeks documents concerning (i) the altercation between the Plaintiff and Ms. Schusterman, (ii) the Plaintiff's employability at RBC and the liability on her forgivable loan, and (iii) fees and other compensation that the Plaintiff has been paid by RBC broken down by customers. As discussed below, at this time, this is improper.

The Court has the power to control discovery and may providently exercise its discretion to quash a subpoena where, as here, subpoenas are being improperly used to secure discovery after note of issue has been filed (*Feiner & Lavy, PC v Zohar*, 210 AD3d 408, 408 [1st Dept 2022]). A subpoena is properly quashed where a party improperly utilizes an overbroad trial subpoena as a discovery device to secure discovery that they neglected to obtain in pretrial disclosure (*Tribeca Space Managers, Inc. v Tribeca Mews Ltd.*, 200 AD3d 626, 629 [1st Dept 2021]). A party seeking discovery post note of issue must demonstrate unusual or unanticipated circumstances or substantial prejudice to justify the discovery they seek (*Desario v SL Green Mgt. LLC*, 118 AD3d 520, 520 [1st Dept 2014]).

152735/2019   MAZZONE, ROSA vs. ALONSO, ANDALKAR & FACHER,                    Page 5 of 7
Motion No. 008 009

5 of 7

This case was filed in March, 2019. As discussed above, prior to the parties filing competing summary judgment motions, discovery had been conducted for years. Fact discovery closed on December 31, 2020 – three years ago. Note of Issue in this case was filed on July 14, 2021 – two and a half years ago. There has been no surprise, no new theory or other unanticipated circumstances warranting additional discovery. Simply put, the Defendants have had more than ample time and opportunity to complete all necessary discovery in the last four years. This subpoena is not merely a trial subpoena seeking records for trial. It is an untimely attempt to conduct additional discovery. The Appellative Division has identified the issues for trial in this case and the case is trial ready. As such, motion to quash is granted.

For completeness, the Defendants' argument that the Plaintiff lacks standing to bring this motion fails because the Court has power to control discovery in this case and can properly quash the subpoena of its own accord (*Feiner & Lavy,* 210 AD3d at 408). The motion is therefore granted.

It is hereby ORDERED that the Defendants' motion (Mtn. Seq. No. 008) for recusal is denied; and it is further

ORDERED that the Plaintiff's motion (Mtn. Seq. No. 009) to quash a subpoena is granted; and it is further

ORDERED that the trial of this action is adjourned without date; and it is further

152735/2019   MAZZONE, ROSA vs. ALONSO, ANDALKAR & FACHER,
Motion No.  008 009

Page 6 of 7

ORDERED that the parties shall appear for a status conference on August 13, 2024 at 11:30 am

to reschedule the trial.

| | | | | |
|---|---|---|---|---|
| **1/4/2024** | | | | |
| **DATE** | | | **ANDREW BORROK, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

152735/2019   MAZZONE, ROSA vs. ALONSO, ANDALKAR & FACHER,
Motion No.  008 009

Page 7 of 7

7 of 7