Mazzone v Alonso, Andalkar & Facher, P.C. (2024 NY Slip Op 03462)

Mazzone v Alonso, Andalkar & Facher, P.C.

2024 NY Slip Op 03462

Decided on June 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 25, 2024

Before: Kern, J.P., Singh, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 152735/19 Appeal No. 2556 Case No. 2024-00414 

[*1]Rosa Mazzone, Respondent,
v
Alonso, Andalkar & Facher, P.C., et al., Appellants. (And Another Action.)

Mark J. Alonso, New York, appellant pro se.
Alonso & Facher, P.C., New York (Erin E. Mac Avoy of counsel), for Alonso, Andalkar & Facher, P.C., and Catania Facher, appellants.
Greenberg Freeman LLP, New York (Michael A. Freeman of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about January 8, 2024, which denied defendants' motion for recusal and granted plaintiff's motion to quash defendants' trial subpoena, unanimously affirmed, without costs.
We decline to disturb the denial of the motion of defendants Alonso, Andalkar & Facher, P.C., and Catania T. Facher for recusal. The court's order granting plaintiff's motion for summary judgment was later modified by this Court on appeal (214 AD3d 599 [2023]). On remand, the court stated on the record that it would objectively consider the trial evidence and render an impartial verdict. We expect that the court's comments at oral argument on earlier motions concerning its understanding of industry practice, and its consideration of extrajudicial information will not affect its ability to fairly consider the evidence presented at the bench trial and find for defendants if it deemed that a verdict was warranted by the evidence presented at trial. Judicial rulings alone rarely constitute a valid basis for a finding of bias or partiality (see Liteky v United States, 510 US 540, 555 [1994]).
The court properly granted plaintiff's motion to quash the trial subpoena directed to her employer because defendants were improperly seeking to obtain further discovery long after the filing of the note of issue (see Feiner & Lavy, P.C. v Zohar, 210 AD3d 408, 408 [1st Dept 2022]; Tribeca Space Mgrs., Inc. v Tribeca Mews Ltd., 200 AD3d 626, 629 [1st Dept 2021]). Whatever documents defendants require to refresh recollections of witnesses or aid in cross-examination should already have been obtained in discovery. Defendants do not point to any unusual or unanticipated circumstances or substantial prejudice sufficient to warrant post-note of issue discovery (see Desario v SL Green Mgt. LLC, 118 AD3d 520, 520 [1st Dept 2014]). Moreover, the court had the authority to quash the subpoena regardless of whether plaintiff had standing to challenge it(see Feiner & Lavy, P. C., 210 AD3d at 408).
Defendants' contention that the court's order improperly prevents them from providing evidence in support of their counterclaims is unavailing. Initially, it should be noted that this issue has nothing to do with the order on appeal. Furthermore, defendants did not address the dismissal of their counterclaims in connection with their appeal of the court's March 9, 2022 order, and thereby abandoned those claims (Llanos v City of New York, 129 AD3d 620, 620 [1st Dept 2015]). In any event, the court's March 9, 2022 order, which, among other things, dismissed defendants' counterclaims, was affirmed by this Court (see Mazzone v Alonso, Andalkar & Facher, P. C., 214 AD3d 599 [1st Dept 2023]). However, nothing prevents defendants from presenting evidence to support their affirmative defenses.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2024