Chiarovano v 237 Park Owner, LLC (2024 NY Slip Op 05481)

Chiarovano v 237 Park Owner, LLC

2024 NY Slip Op 05481

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Moulton, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Index No. 153867/18 Appeal No. 2971 Case No. 2023-06016 

[*1]William Chiarovano, Plaintiff-Respondent,
v
237 Park Owner, LLC, et al., Defendants-Appellants.
237 Park Owner, LLC, et al., Third-Party Plaintiffs-Appellants,
v
Allran Electrical of New York, et al., Third-Party Defendants-Respondents.

Fuchs Rosenzweig PLLC, New York (Theresa Dinh of counsel), for appellants.
The Perecman Firm, PLLC, New York (Zachary Perecman of counsel), for William Chiarovano, respondent.
Katz & Rychik, P.C., New York (Abe M. Rychik of counsel), for Allran Electrical of New York and Allran Electric of N.Y., LLC, respondents.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about August 1, 2023, which, to the extent appealed as limited by the briefs, denied the motion of defendants/third-party plaintiffs 237 Park Owner, LLC and Pavarini McGovern, LLC (defendants) for conditional summary judgment on their contractual indemnification cause of action against third-party defendants Allran Electrical of New York and Allran Electric of N.Y., LLC (collectively, Allran), granted Allran's motion for summary judgment dismissing the third-party claim for contractual indemnification, and granted plaintiff's motion seeking to quash defendants' nonparty subpoena, unanimously affirmed, without costs.
Supreme Court properly awarded summary judgment to Allran dismissing defendants' third-party complaint. The March 2014 contract between defendants and Allran stated that Allran was to provide temporary lighting for 88 weeks, from 7:00 a.m. to 3:30 p.m. on workdays. According to the uncontested testimony by Allran's project manager, work began sometime between March 2014 and April 2014; as a result, Allran's obligation to provide lighting ran, at the latest, through January 2016, three months before the alleged accident, which occurred around 8:30 p.m. on April 12, 2016. Thus, Allran was no longer under a contractual obligation to provide lighting at the time of plaintiff's accident and the indemnity provisions were not triggered (see Vasquez v City of New York, 200 AD3d 482, 484 [1st Dept 2021]; Morera v New York City Tr. Auth., 189 AD3d 630, 630-631 [1st Dept 2020]).
Supreme Court providently exercised its discretion in quashing defendants' subpoena to take the testimony of a nonparty witness, as they were improperly using the subpoena to secure discovery that they had failed to take in pretrial disclosure(see Bour v 259 Bleecker LLC, 104 AD3d 454, 455 [1st Dept 2013]). The subpoena was served after discovery had concluded and the notice of issue was filed, and defendants did not demonstrate any unanticipated or unusual circumstances justifying the need for post-note of issue discovery (see Feiner & Lavy, P.C. v. Zohar, 210 AD3d 408, 408 [1st Dept 2022]; Tribeca Space Mgmt., Inc. v Tribeca Mews Ltd., 200 AD3d 626, 629 [1st Dept 2021]). Defendants were well aware that there was a witness to plaintiff's accident because the witness was named, among other places, in the accident report and in plaintiff's deposition.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024