Zhou Mou Ling v New York Presbyt./Brooklyn Methodist (2024 NY Slip Op 51756(U))

[*1]

Zhou Mou Ling v New York Presbyt./Brooklyn Methodist

2024 NY Slip Op 51756(U)

Decided on December 24, 2024

Supreme Court, Bronx County

Crawford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 24, 2024
Supreme Court, Bronx County

Zhou Mou Ling, Plaintiff,

against
New York Presbyterian/Brooklyn Methodist, LENDLEASE (US) CONSTRUCTION LMB INC., and CIVETTA-COUSINS JV, LLC, Defendants.

Index No. 32408/2018E

Ashlee Crawford, J.

The motion by defendants to amend their answer to assert an affirmative defense and counterclaim alleging fraud and fraud-on-the-court, and to vacate the note of issue and permit additional discovery in connection with their proposed affirmative defense and counterclaim, is denied for the reasons discussed herein.
Background
This action arises out of injuries plaintiff Zhou Mou Ling allegedly sustained on June 21, 2017, when he was struck by a piece of falling concrete debris while working at a construction site. Plaintiff asserts claims for violations of Labor Law §§ 200, 240(1), and 241(6), against New York Presbyterian Brooklyn Methodist Hospital, the owner of the premises; Lendlease (US) Construction LMB, Inc., the general contractor; and Civetta-Cousins JV, LLC, a subcontractor. Discovery was conducted over a period of years and plaintiff filed his note of issue on September 21, 2023.
Defendants now move (i) pursuant to CPLR 3025(b) for leave to amend their answer to assert an affirmative defense and counterclaim alleging fraud and fraud-on-the-court; and (ii) to vacate the note of issue, allow additional discovery in connection with defendants' proposed affirmative defense and counterclaim, and permit defendants "to fully investigate the circumstances of the strikingly similar treatment protocols and records herein with those in pending RICO litigation against the plaintiff's treating physician/surgeon, Dr. Andrew Merola."
Defendants predicate their proposed fraud claim on allegations asserted in a federal civil Racketeer Influenced and Corrupt Organizations Act ("RICO") action currently pending in U.S. District Court for the Eastern District of New York. As alleged in the RICO action, plaintiff's treating physician and surgeon, Dr. Andrew Merola, was a co-conspirator in a broad fraudulent scheme to inflate personal injury claims by performing unnecessary medical procedures (Ex. B [RICO Complaint]). Notably, there are no allegations in the RICO action of wrongdoing by the [*2]plaintiff in this action or related to his claims asserted herein. Defendants nevertheless argue that "review of the records obtained during discovery in this matter reflects the possibility of the same or similar conduct as in the RICO case" (Volpi Aff. in Supp. at ¶ 13; see also id. at ¶¶ 21, 23, 30), and insist that the RICO allegations against plaintiff's treating physician raise "unusual and unanticipated circumstances" which would substantially prejudice defendants at trial if the note of issue is not vacated (id. at ¶¶ 35-36).
In their proposed amended answer, defendants allege upon information and belief that plaintiff, not Dr. Merola, acted "alone or with the help of others" in making numerous false representations concerning his alleged injuries to various parties, including to his physicians, "to further a scheme of fraud" (Ex. K [Proposed Amended Answer] ¶¶ 52-67). For instance, defendants allege that plaintiff went to medical providers selected by his attorneys to manipulate his medical treatment for the sole and specific purpose of falsely claiming his injuries were causally related to the accident (id. at ¶ 56). Defendants further allege that plaintiff consented to undergo surgeries that were not medically necessary or related to his injuries from the accident for financial gain, to defendants' detriment (id. at ¶ 57). Defendants conceded during oral argument that the medical records, on their face, do not provide a basis for fraud and, rather, that the proposed fraud allegations are premised on the allegations in the federal RICO action (9/24/24 Tr. at 11:25-12:4; see Volpi Aff. in Supp. at ¶¶ 13, 21, 23, 30).
In opposition, plaintiff argues, inter alia, that defendants' proposed fraud counterclaim and affirmative defense are not pled with the particularity required under CPLR 3016(b). He further argues that the RICO action is irrelevant, as it consists only of unproven allegations that have yet to be answered or tested through motion practice, and was filed against only one of plaintiff's many treating physicians. According to plaintiff, defendants ask this Court to assume Dr. Merola's liability in the RICO action and that, by association, the fraud extends to plaintiff. Plaintiff additionally argues that defendants' motion to vacate the note of issue is untimely and prejudicial, as defendants waited more than four months after the RICO action was commenced to file their motion.
In reply, defendants address their lack of affidavit of merit to support their proposed pleading by insisting they need discovery to explore whether the allegations of fraud are true (Reply at ¶ 3). They assert that the burden is on plaintiff to test the sufficiency of their allegations by moving to dismiss (id. at ¶¶ 6-8).
Discussion
Leave to amend the pleadings should be freely given absent prejudice to the opposing party and where the proposed claims are not palpably insufficient or patently devoid of merit (Leyton v Siegel, 212 AD3d 521 [1st Dept 2023]; Tribeca Space Managers, Inc. v Tribeca Mews Ltd., 200 AD3d 626, 628 [1st Dept 2021]; Heller v Louis Provenzano, Inc., 303 AD2d 20, 25 [1st Dept 2003]; CPLR § 3025[b]). "An amendment is devoid of merit where the allegations are legally insufficient" (Reyes v BSP Realty Corp., 171 AD3d 504 [1st Dept 2019]).
Defendants' motion for leave to assert their proposed counterclaim and affirmative defense fails, as their proposed pleading does not meet the particularized pleading requirement for fraud (see Dashdevs LLC v Capital Mkts. Placement, Inc., 210 AD3d 525, 526 [1st Dept 2022]; CPLR § 3016 [b]). The heightened pleading standard under CPLR 3016(b) "requires that 'circumstances constituting the wrong shall be stated in detail'" (Epiphany Community Nursery Sch. v Levey, 171 AD3d 1, 9 [1st Dept 2019], lv withdrawn 34 NY3d 927 [2019]; Non-Linear Trading Co., Inc. v Braddis Associates, Inc., 243 AD2d 107, 116 [1st Dept 1998]), and permit a [*3]"reasonable inference" of the alleged misconduct (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; Epiphany Community Nursery Sch. v Levey, 171 AD3d at 9). Allegations made "upon information and belief" are insufficient to support a fraud claim (Rosenberg v OSG, LLC, 224 AD3d 466, 466-67 [1st Dept 2024]; Dashdevs LLC v Capital Mkts. Placement, Inc., 210 AD3d at 526; Weinberg v Kaminsky, 166 AD3d 428, 429 [1st Dept 2018], lv dismissed in part, denied in part 35 NY3d 937 [2020]).
Here, defendants' proposed fraud counterclaim is palpably insufficient, as it is pled upon information and belief and offers only general, conclusory, and speculative allegations (Barlow v Skroupa, 221 AD3d 482, 483 [1st Dept 2023]; Sapienza v Becker & Poliakoff, 173 AD3d 640, 640-41 [1st Dept 2019]). The allegations in the RICO action, upon which defendants rely, are unproven and do not constitute "facts" sufficient to support the proposed amendment. Also, the RICO allegations are directed to Dr. Merola; there is nothing in the federal action implicating or involving plaintiff Ling. The vague and entirely speculative fraud allegations against plaintiff in defendants' proposed amended pleading are, therefore, rejected (Linares v City of New York, — AD3d &mdash, 2024 WL 5048862, *1 [1st Dept, Dec. 10, 2024]["The unproven allegations of fraud against plaintiff's attorney and medical providers in the RICO complaint do not, without more, warrant a counterclaim for fraud against plaintiff himself"]; see also Nunes Oliveira v 5462 125th Realty LLC, Index No. 150949/2020 [Sup Ct, NY Co, May 22, 2024][D'Auguste, J.]). 
Under the circumstances, defendants have not established good cause for vacating the note of issue (Taylor v Enter. FM Tr., 214 AD3d 493, 493-94 [1st Dept 2023]; 22 NYCRR 202.21 [e]; see also Linares v City of New York, — AD3d &mdash, 2024 WL 5048862 at *1).
Accordingly, it is
ORDERED, that defendants' motion for leave to amend their answer to assert an affirmative defense and counterclaim based in fraud, and to vacate the note of issue, is DENIED.
This constitutes the decision of this court.
HON. ASHLEE CRAWFORD, A.J.S.C.
Dated: December 24, 2024
Bronx, New York