Board of Mgrs. of the Aston Condominium v Building 389 LLC (2025 NY Slip Op 00269)

Board of Mgrs. of the Aston Condominium v Building 389 LLC

2025 NY Slip Op 00269

Decided on January 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2025

Before: Webber, J.P., Gesmer, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 654173/20 Appeal No. 3511 Case No. 2024-00085 

[*1]The Board of Managers of the Aston Condominium, Plaintiff-Appellant,
v
Building 389 LLC et al., Defendants-Respondents.

Starr Associates LLP, New York (David William Tyler of counsel), for appellant.
Rothkrug Rothkrug & Spector, LLP, Great Neck (Simon H. Rothkrug of counsel), for respondents.

Order, Supreme Court, New York County (Lucy Billings, J.), entered September 11, 2023, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Building 389 LLC (the sponsor) and Cord Meyer Development, LLC, to dismiss the complaint as against them, unanimously modified, on the law, to deny the motion as to so much of the breach of contract cause of action based on allegedly insufficient water heater warranties and as to the fraudulent conveyance causes of action, and otherwise affirmed, without costs.
Supreme Court properly dismissed the breach of contract cause of action to the extent that it was premised on the alleged construction defects, as the offering plan requires the sponsor to correct defects only if it was notified of the defects by certified mail within six months of the first occupancy of a unit (see e.g. Tribeca Space Mgrs., Inc. v Tribeca Mews Ltd., 200 AD3d 626, 627 [1st Dept 2021]). We reject plaintiff's assertion that Tribeca Space Mgrs., in which this Court held that certain causes of action were not precluded by a similar notice requirement, supports the viability of the breach of contract cause of action. The offering plan in Tribeca Space Mgrs. contained language requiring the sponsor to construct the building to certain standards regardless of the disclaimer in its warranty that it would correct defects only if given notice of those defects within specified times (id.). By contrast, the plan presented in this appeal states that the sponsor would "be conclusively considered to have discharged any obligation that it may have with respect to any defects" if it was not timely notified of those defects.
However, Supreme Court should not have dismissed the breach of contract cause of action to the extent it was based on allegedly inadequate water heater warranties. The water heater warranties were expressly described in the water heater specifications stated in the Offering Plan, as incorporated by reference into the contract, and thus do not constitute a defect "relating to construction of the Building, or in the installation or operation of any appliances, fixtures, or equipment therein" so as to fall under the notice requirement.
We also reinstate plaintiff's fraudulent conveyance causes of action under former Debtor and Creditor Law §§ 273, 274, and 276. Because plaintiff's claim for breach of contract can proceed in part, plaintiff may be deemed a creditor of the sponsor (see e.g. Matter of Shelly v Doe, 249 AD2d 756, 757 [3d Dept 1998]). As to the constructive fraudulent conveyance claims, defendants rely on documents that do not "utterly refute[] . . . plaintiff's factual allegations" (Art & Fashion Group Corp. v Cyclops Prod., Inc., 120 AD3d 436, 438 [1st Dept 2014]). Furthermore, plaintiff has pleaded badges of fraud sufficient to support the intentional fraudulent conveyance claim, which defendants do not address (cf. Board of Managers of Lore Condominium v Gateway IV LLC, 169 [*2]AD3d 617, 618 [1st Dept 2019]).
The fraudulent inducement cause of action was properly dismissed. Even accepting that this cause of action is not preempted by the Martin Act because plaintiff asserted affirmative misrepresentations and not just omissions, the claim fails as duplicative of the breach of contract cause of action (see e.g. Board of Mgrs. of the Latitude Riverdale Condominium v 3585 Owner, LLC, 199 AD3d 441, 441 [1st Dept 2021]).
Finally, given the evidence that the parties were discussing settlement, we reject defendants' argument that the complaint should be dismissed as abandoned under CPLR 3215(c) (see e.g. JPMorgan Chase Bank, N.A. v Salvage, 171 AD3d 438, 439 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2025