Castellano v Estrada (2025 NY Slip Op 04544)

Castellano v Estrada

2025 NY Slip Op 04544

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-09765
2024-00848
 (Index No. 717797/21)

[*1]Idalides Castellano, appellant, 
v
Vladimir I. Estrada, et al., defendants; Lisa Adams, et al., nonparty-respondents.

Chopra & Nocerino, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for appellant.
Law Offices of Christopher P. Di Giulio, P.C., New York, NY, for nonparty-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered August 28, 2023, and (2) an order of the same court entered January 16, 2024. The order entered August 28, 2023, granted that branch of the motion of nonparties Sedgwick Claims Management Services and Lisa Adams which was to quash a subpoena duces tecum served upon nonparty Sedgwick Claims Management Services and a subpoena ad testificandum served upon nonparty Lisa Adams. The order entered January 16, 2024, insofar as appealed from, upon renewal, adhered to the prior determination in the order entered August 28, 2023.
ORDERED that the appeal from the order entered August 28, 2023, is dismissed, as that order was superseded by so much of the order entered January 16, 2024, as was made upon renewal; and it is further,
ORDERED that the order entered January 16, 2024, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the nonparty-respondents.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when a vehicle she was operating collided with a truck operated by the defendant Vladimir I. Estrada and owned by the defendant Pepsi-Cola Bottling Company of New York, Inc. The plaintiff served a subpoena duces tecum upon nonparty Sedgwick Claims Management Services (hereinafter Sedgwick), which was supervising the defense on behalf of the defendants' insurance carrier, and a subpoena ad testificandum on nonparty Lisa Adams (hereinafter together with Sedgwick, the nonparties), a claims adjuster employed by Sedgwick. The nonparties moved, inter alia, to quash both subpoenas. The plaintiff opposed the motion. In an order entered August 28, 2023, the Supreme Court granted that branch of the motion.
Thereafter, the plaintiff moved, inter alia, for leave to renew its opposition to that [*2]branch of the nonparties' motion which was to quash the subpoenas. In an order entered January 16, 2024, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for leave to renew and, upon renewal, adhered to its prior determination in the order entered August 28, 2023. The plaintiff appeals.
"Pursuant to CPLR 3101(a)(4), a party may obtain discovery from a nonparty in possession of material and necessary evidence, so long as the nonparty is apprised of the circumstances or reasons requiring disclosure" (Cioffi v S.M. Foods, Inc., 178 AD3d 1003, 1005; see Coads v Nassau County, 231 AD3d 906, 908). "A party or nonparty moving to quash a subpoena has the initial burden of establishing either that the requested disclosure is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious" (Elavon, Inc. v Meyer, 203 AD3d 1030, 1031 [internal quotation marks omitted]; see Lima v Ancona, 192 AD3d 1093, 1094). If the movant meets this burden, the subpoenaing party must then establish that the discovery sought is material and necessary to the prosecution or defense of the action (see U.S. Bank Trust, N.A. v Carter, 204 AD3d 727, 729-730; Lima v Ancona, 192 AD3d at 1094).
Here, in support of their motion, the nonparties established that the subpoenas sought information that was irrelevant to any proper inquiry (see Lurie v Lurie, 226 AD3d 992, 996), and, in opposition, the plaintiff failed to establish that the requested disclosure was material and necessary to the prosecution of this action (see U.S. Bank Trust, N.A. v Carter, 204 AD3d at 730; Humphrey v Kulbaski, 78 AD3d 786, 788).
Accordingly, upon renewal, the Supreme Court properly adhered to its prior determination granting that branch of the nonparties' motion which was to quash the subpoenas.
DILLON, J.P., BRATHWAITE NELSON, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court